BRADLEY, Judge.
The appeal is from a judgment in favor of plaintiff, Lewis Campbell, for loss of hearing due to noise exposure in the amount of $9,750 and against the defendant, Southern Railway Company, Inc. Campbell contends he received an inadequate verdict due to the admission of hearsay evidence.
Campbell brought his complaint against Southern Railway pursuant to the Federal Employers Liability Act claiming damages for personal injuries sustained while employed by Southern as a signal maintainer in its Brosnan Yard at Macon, Georgia. Campbell contended his hearing was impaired due to high levels of noise experienced while carrying out his duties for Southern.
During the jury trial Southern introduced into evidence a letter from the Federal Railroad Administration which contained results of tests of noise levels at the Bros-nan Yard. Campbell objected to the admission into evidence of the letter on the ground of hearsay. The objection was overruled. Campbell’s motion for new trial, which was overruled, also questioned the admissibility of the letter on the ground that it was hearsay and reduced the amount of his recovery.
The pertinent facts are as follows: Campbell was an employee of Southern Railway in the Brosnan Yard at Macon, Georgia. The purpose of the yard is to form trains to carry cargo. While in the yard the speed of railroad cars is controlled by a device known as a retarder. When these retarders operate by narrowing the space between the tracks, a loud noise occurs. Campbell must at times work on the retarders. Campbell complained that the noise hurt his ears and had damaged his hearing.
As a result of Campbell’s complaints, Mr. Ralph Fussell, chairman of the local union, made complaint through his union to the Federal Railroad Administration in Wash *729 ington, D. C. Two FRA inspectors were dispatched to the Brosnan Yard where they conducted tests of the noise levels and recorded their findings. Their tests revealed that noise levels were within permissible limits as set out by the Occupational Safety and Health Administration guidelines. These inspectors were later deposed by the parties in this case and their depositions regarding their findings and activities were read to the jury.
The two FRA inspectors apparently reported their findings to Donald W. Bennett, associate administrator for safety of the FRA. Mr. Bennett contacted a union official in Washington, D. C. by letter. A copy of that letter was then sent to Ralph Fussed, the local union chairman. The letter is as follows:
Mr. J. R. Snyder
National Legislative Director
United Transportation Union
400 First Street N.W., Suite 704
Washington, D. C. 20001
Dear Mr. Snyder:
Further reference is made to your letter of October 26, 1976, concerning the high level of car retarder noise at Brosman Yard, Macon, Georgia, Southern Railroad Company.
Our inspector contacted Mr. Ralph Fus-sell who was helpful in our investigation. Noise measurements were made in the conductors’ building for an eight-hour period, using a General Radio sound level meter at the “A” background reading was 62 when no cars were being handled through the retarders and 85 when the speaker was receiving.
During the eight-hour period a total of 161 seconds of noise above a 90 dB(A) level was recorded. This ranged from 12 seconds at 91 dB(A) to 12 seconds at 100 dB(A). No level was reached above 100 dB(A). Using the charts and formulas developed by OSHA, it was determined that the noise level was not in excess of the standards, including the time weighted formula for noise duration at different intensities.
At the time of our investigation it was not possible for the switch foreman in the building to release the retarders manually in all cases. A conference was held with the General Superintendent of Communications and Signals, Southern Railway, concerning the retarders. He stated that the carrier was in the process of installing a new control of the retarders. The retarder will be controlled by the speed of the cars passing through it. If the speed of the cars exceeds nine m. p. h., the retarder will set to slow the cars down. If the speed is less than nine m. p. h., the retarder will be in the release position.
After the installation is completed we will again monitor the operation to see if the duration of the noise level is reduced.
Sincerely,
/s/ Donald W. Bennett
Donald W. Bennett
Associate Administrator for Safety
During the trial the testimony of John Ballantine, an accoustieal engineer, was given as to the results of his tests of the noise levels in the Brosnan Yard and his analysis of the FRA inspectors’ test data contained in their depositions.
Appellant contends that the admission of the letter in question over the objection that it was hearsay was error and prejudi-cially affected the amount of the damages awarded.
To begin we would point out that when an appeal is taken by the winning party any ruling or action by the trial court bearing on the liability and not affecting the amount of damages recovered will not be considered. Anderson v. Kemp, 279 Ala. 321, 184 So.2d 832 (1966).
Although we consider the admission into evidence of the letter in question, which was hearsay, to be erroneous, appellant’s argument is entirely speculative and' fails to sufficiently support his burden of showing both error and palpable injury to a substantial right. Watson v. McGee, Ala., 348 So.2d 461 (1977).
*730 The record shows that the depositions of the two FRA inspectors whose tests produced the data contained in the letter in question were read to the jury. The same information relating to the noise levels in the letter was set out in the depositions but in more detail. Moreover, the unobjected to testimony of John Ballantine contained references to and analyses of the data contained in the FRA inspectors’ depositions. The effect of Ballantine’s testimony was that the test results compiled by the FRA inspectors were not too different from his own and were within the guidelines established by OSHA.
Since the information contained in the letter in question was substantially received elsewhere in the case after a rather detailed cross-examination, we conclude that the substantial rights of Campbell have not been prejudicially affected by such admission. See Hall v. Polk, Ala., 363 So.2d 300 (1978).
AFFIRMED.
WRIGHT, P. J., and HOLMES, J., concur.