This is an appeal from an order setting aside a default judgment, and an order awarding the proceeds of a life insurance policy to the appellee, Iris Holmes. We affirm.
The pertinent facts are as follows: On March 13, 1977 George Sams died. George Sams had in effect at the time of his death a life insurance policy in the amount of $6,000. The beneficiary of the policy was Iris Holmes. Holmes had lived with George Sams approximately two years prior to George Sam's death. The two were never married.
Tommie Sams was George Sams's brother. Tommie apparently believed that George had made him the beneficiary of his life insurance; however, Tommie never saw the insurance policy and was never a beneficiary.
After George's death, Tommie brought a declaratory judgment action seeking to recover the proceeds from George's insurance policy. Named as defendants were Iris Holmes, United States Steel, and Equitable Life Assurance Society of the United States.
On March 21, 1977 a summons and complaint were issued to Iris Holmes as a defendant. Service was not perfected because the sheriff said there was no such address as was set out in the summons. The proper address was 1405 N. 16th Street. Instead, process was for 1405 N. 16th Avenue.
Equitable interpleaded the full amount of the policy, i.e.
$6,000, into court and attempted service on Holmes at the incorrect address. Service, of course, was not perfected. Equitable subsequently asked for service by publication and thereby perfected service. Based on this service by publication Tommie Sams was granted a default judgment and awarded the insurance proceeds.
In 1979 Holmes filed a motion to vacate the 1977 judgment. Thereafter Holmes filed a "Bill in the Nature of a Bill in Review." On January 14, 1980 the trial *Page 1001 
court set aside the 1977 judgment and awarded Holmes the insurance proceeds. Sams's post-judgment motions were denied and he appeals.
The first issue is whether the trial court erred in setting aside the 1977 decree and reopening the case. We find no such error.
Tommie Sams contends that the proper method for setting aside the 1977 default judgment would have been the use of Rule 60 (b)(4) or (6), ARCP, rather than by a bill in the nature of a bill of review.
Rule 60 (b)(4) and (6), ARCP authorize a judgment, on motion, to be set aside if: "(4) the judgment is void;" or if there is "(6) any other reason justifying relief from the operation of the judgment." However, it is also provided in Rule 60 (b) that the trial court is not precluded from entertaining an independent action, if filed within three years, to relieve a party of a judgment.
Iris Holmes filed a 60 (b) motion seeking to have set aside the default judgment on the ground that she had not been properly served with process nor was she able to comprehend the nature of the proceedings that had been filed against her. Subsequently, she filed, at the suggestion of the trial court, a bill in the nature of a bill of review asserting essentially the same grounds for relief as she had asserted in her 60 (b) motion.
Appellant points out, however, that Rule 60 abolished bills in the nature of a bill of review and, as a consequence, the trial court was without jurisdiction to entertain and decide Holmes's action to vacate the default judgment.
While abolishing the artificial boundaries between extraordinary attacks on a judgment, i.e. rehearings, motions to vacate, bills of review, etc., Rule 60 retains the substance of such devices. It substitutes for the complicated procedures of these devices the simplified procedures of the motion and the independent action. Committee Comments, Rule 60 ARCP. Furthermore, there is little procedural difference between the motion and the independent action. Courts have consistently treated the two methods as practically the same. Hadden v.Rumsey Products, 196 F.2d 92 (2d Cir. 1952); 7 Moore's FederalPractice, § 60.38 (3) (2d ed. 1979).
Although denominated a bill in the nature of a bill of review, as suggested by the trial court, we view the pleading as an independent action, the substance of which was to attack and have set aside the 1977 default judgment. As we see it, whether the default judgment was attacked by a Rule 60 (b)(4) or (6) motion or an independent action is of little moment in the case at bar, for we believe that the trial court had an adequate basis for setting aside the default judgment regardless of the method of attack used by Iris Holmes.
Iris Holmes's principal ground of attack on the default judgment is that she was not properly served with a summons and complaint and the trial court was thus without jurisdiction to render a default judgment against her.
The evidence shows that appellant knew where Iris Holmes lived, knew her correct address at all times pertinent to this inquiry and, yet, made no effort to serve her with process after the initial effort failed because of an erroneous address. A plaintiff must exercise due diligence in perfecting personal service of process on a defendant and the failure to do so precludes notice by publication. Whitfield v. Sanders, Ala., 366 So.2d 258 (1979). The failure to properly notify a defendant of the action filed against him deprives the trial court of personal jurisdiction over the party and a default judgment rendered against said party would be void. Whitfieldv. Sanders, supra.
The evidence shows that Tommie Sams was fully aware of Iris Holmes's address at all times in question. Under such circumstances notice by publication was insufficient to invest the trial court with jurisdiction and the default judgment rendered against her was void and properly set aside.
Notwithstanding the probability that Holmes was not properly served with process, appellant argues that this is of little *Page 1002 
consequence since Holmes had actual knowledge of the lawsuit filed against her and thus she should not now be heard to complain. In support of his contention, Sams asserts that Holmes was told by a representative of Equitable shortly after George Sams's death that a suit had been filed contesting her right to receive the insurance proceeds. He also says that he told Holmes about the lawsuit.
The evidence shows, however, that Iris Holmes has a birth defect that makes it difficult for her to hear, and a speech impediment that makes it difficult for most people to understand her. A rehabilitation counselor to whom Holmes had been referred by the Department of Pensions and Security testified that he had difficulty communicating with her and getting her to understand him. He also said that Holmes is in the lower end of the mildly retarded stage; however, he did say that his records show that Holmes completed the seventh grade in school. Another witness testified that Iris Holmes was about the same now as she was when she was a baby She understands some words and can write her name and address. She can also read lips.
The trial court found that Iris Holmes was unable to understand what she was told about the lawsuit which was filed to determine the rightful beneficiary of George Sams's insurance policy and, thus, could not have actual knowledge of the lawsuit. Based on the evidence in the record before us — an agreed statement of the evidence prepared in accordance with Rule 10 (d) and (e), ARAP — we cannot say that the trial court's findings are unsupported by the evidence.
Next, appellant says that Holmes waited an unreasonable length of time before she sought to vacate the default judgment and have the proceeds of the insurance policy in question awarded to her. He argues that the doctrine of laches applies here.
Holmes brought her action to set aside the default judgment about fifteen months after it was entered, and, based on the evidence relating to failure of service of process on Holmes, her mental condition and her lack of ability to understand, we cannot say that Iris Holmes failed to file her vacation action within a reasonable length of time. See McNutt v. Beaty, Ala.,370 So.2d 998 (1979).
Finally, Sams contends that the trial court erred in admitting certain evidence over his objection. James O. Harris, a witness for Holmes, testified that he was a vocational counselor and had interviewed Holmes, who had been referred to him by the Department of Pensions and Security. After talking to Holmes on one or two occasions, Harris referred her to a psychologist. After testing Holmes, the psychologist made a report of his findings and sent it to Harris who placed the report in his files.
While testifying on behalf of Holmes, Harris answered questions based on the information contained in the doctor's report. There was an objection to such testimony on the ground that the proper predicate had not been laid and that the report itself would not be the best evidence. The objection was overruled and the witness was allowed to testify.
He said that Iris Holmes had an IQ of 56 and that she had the mental development of a child in the four to seven year age group.
It should be noted here that no transcript of the testimony was made by a court reporter. The record contains an agreed statement of the evidence in narrative form as authorized by Rule 10 (d) and (e), ARAP.
Due to the state of the record it is difficult to determine the precise answer given by the witness that is objected to by Sams. It appears that Sams was objecting to the witness, who had not prepared the report, giving answers based on the information contained in the report.
As pointed out above, the objection was directed to the absence of a proper predicate and whether the report was the best evidence. Based on the record before us, we are unable to say whether a proper predicate was laid or not and neither are we able to say that the report itself would not *Page 1003 
have been the best evidence. Consequently, we cannot say that the trial court committed error in overruling the objection. We observe, however, that had the ruling of the trial court been erroneous, such error does not necessarily require reversal. In order for reversal to occur, it must be shown that such error prejudicially affected the substantial rights of the appealing party. Agee v. Griffin, Ala.Civ.App., 389 So.2d 513, cert.denied, Ala., 389 So.2d 516 (1980); Rule 45, ARAP. Sams fails to satisfy us that the admitted testimony prejudiced his rights, particularly in view of other unobjected-to evidence of Holmes's mental condition and her inability to hear and to talk understandably. Campbell v. Southern Railway Co., 398 So.2d 728
(Ala.Civ.App., 1981).
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.