SHAW, Justice.
 

 Deborah Ann Stevens Boudreaux, Shelia Joy Stevens, Janie Dena Harper Stallings, Melinda Luanne Merritt Nix, Michael John Stevens, Craig Allen Stevens, Charles Edmond Harper, James Richard Harper, Sherry Jean Harper Shows, Mar-iann Merritt Holder, Warren Thomas Stevens, Rachel Jonnette Stevens Thrasher, and Paula L. Tidwell, the purported heirs of Frank E. Stevens (hereinafter collectively referred to as “the appellants”), appeal from an order of the Cherokee Circuit Court denying their motion for relief from a default judgment in favor of Mendal Kemp and Thomasine Kemp Edwards, the plaintiffs below, in Kemp and Edwards’s action seeking to enforce an alleged oral contract to devise. We reverse and remand.
 

 Facts and Procedural History
 

 Kemp and Edwards are the nephew and niece of Bernice Stevens and the nephew and niece by marriage of Bernice’s husband, Frank E. Stevens. According to Kemp and Edwards, in or around 1995, Bernice and Frank, who were childless, orally agreed to devise their entire estate to Kemp and Edwards in exchange for the promise to care for Bernice and Frank until their respective deaths. Bernice died in June 1997. Kemp and Edwards allege that, immediately before her death, Bernice reminded them of their promise, and,
 
 *1192
 
 following her death, Frank renewed the aforementioned oral agreement, again allegedly promising “that in consideration for [Kemp and Edwards’s] looking after [Frank] during the remainder of his natural life, ... [Frank] would transfer to [Kemp and Edwards] all the money and property he owned at the time of his death.” According to Kemp and Edwards, at all times pertinent hereto, they acted' in accordance with and fully performed the terms of the alleged oral agreement.
 

 Frank died in March 2007, leaving a will executed in 1973. Frank’s will left nothing to Kemp and Edwards; instead, he bequeathed his entire estate to Bernice. Frank’s will contained no provision for the disposal of his assets should Bernice precede him in death.
 

 In May 2007, Frank’s will was submitted for probate to the Cherokee Probate Court; Tim Burgess was named personal representative of Frank’s estate. A guardian ad litem for any potential hems was appointed by the probate court. The guardian ad litem retained a genealogist to discover any potential heirs, and on July 9, 2007, the guardian ad litem filed a report in the probate court, identifying a total of 15 grandnieces and grandnephews of Frank. The report listed addresses for the 15 identified heirs, all of whom were not residents of Alabama, and specifically included the appellants.
 

 In September 2007, Kemp and Edwards filed a claim against Frank’s estate in the probate court and also filed the underlying action in the Cherokee Circuit Court seeking a judgment declaring that under the alleged oral contract to devise, “the remaining money assets and property of the estate of Frank E. Stevens are the property of [Kemp and Edwards].” The complaint named as defendants Burgess, in his capacity as personal representative of Frank’s estate, five alleged heirs by name,
 
 [1]
 
 and any remaining unknown heirs. It did not, however, reference or include the remaining heirs identified in the genealogy report filed in the proceeding in the probate court. Upon motion of Kemp and Edwards, filed on September 21, 2007, and accompanied by an affidavit attesting to their inability after “diligent inquiry” to determine the names and addresses of Frank’s heirs, Kemp and Edwards were permitted by the court to serve the five named heirs and any remaining unknown heirs by publication.
 
 [2]
 
 Thereafter, beginning September 27, 2007, notice of the declaratory-judgment action was published in the Cherokee County Herald, a local newspaper, for four consecutive weeks.
 

 On October 8, 2007, Burgess filed an answer to Kemp and Edwards’s complaint denying the existence of an oral contract to devise and averring that, if Kemp and Edwards’s allegations were true, their claims would be barred by the Statute of Frauds.
 
 [3]
 
 Burgess’s answer admitted that
 
 *1193
 
 Frank was not survived by his parents or grandparents, by any siblings, or by any nieces and nephews; however, in that pleading, Burgess specifically stated that “affidavits of heirship of Frank E. Stevens have been filed in the Probate Court ... which ... set forth the names and addresses of the heirs at law of Frank E. Stevens.”
 

 None of the appellants or the other heirs appeared or answered in response to Kemp and Edwards’s service by publication, and, on February 5, 2008, Kemp and Edwards applied for the entry of default and a default judgment. On that same date, the circuit clerk executed an “entry of default” against the heirs of the estate— both named and unnamed.
 
 [4]
 

 On February 20, 2008, the circuit court conducted a bench trial. No heirs appeared or moved to set aside the pretrial entry of default. However, as noted by Kemp and Edwards, the record does reflect that “several” of the appellants attended the trial. Except for the testimony of Melissa O’Neal Harper, the wife of James Richard Harper, Frank’s grandnephew, which was presented by the personal representative, no heirs and none of the appellants actually participated or were heard by the circuit court during the bench trial. At the close of the evidence, the circuit court took the matter under submission.
 

 On July 8, 2008, the circuit court entered a judgment in favor of Kemp and Edwards, concluding that Kemp and Edwards had demonstrated by clear and convincing evidence that “the agreement alleged by [Kemp and Edwards] existed and that they [had] performed in accordance with the agreement.” In its order, as requested in the trial brief filed by Kemp and Edwards, the circuit court further imposed a constructive trust in favor of Kemp and Edwards on the assets of Frank’s estate, subject to payment of the debts of the estate, if any, and the expenses of administration of the estate.
 

 On August 7, 2008, Burgess filed a motion to vacate the judgment or, in the alternative, for a new trial. On that same date, the appellants also filed a post-judgment motion for a new trial and an accompanying motion seeking to stay the execution of the circuit court’s judgment. In their motion, the appellants argued, among other things, that the default judgment was improper and that they were entitled to a new trial because, they said, service by publication was improper under the circumstances.
 
 [5]
 

 Kemp and Edwards moved to strike any pleadings filed by the appellants on grounds that the appellants were dispensable, unnecessary parties, that they lacked standing to pursue the requested relief because their interests were being represented by Burgess, as personal represen
 
 *1194
 
 tative of Frank’s estate, and that they had failed to move to intervene under Rule 24, Ala. R. Civ. P. Following a hearing, the circuit court struck the appellants’ pleadings on grounds that they had failed to intervene, and because, it concluded, their interests were adequately represented by Burgess. The circuit court also denied Burgess’s postjudgment motion. This appeal followed.
 
 [6]
 

 Discussion
 

 The appellants allege four separate grounds of error with regard to the circuit court’s judgment in favor of Kemp and Edwards. Initially, we address their argument that service by publication was improper. Our resolution of this issue is determinative of the appeal.
 

 Although filed more than six months after the entry of default by the circuit clerk and styled as a motion for a new trial, we construe the appellants’ August 7, 2008, postjudgment motion as a Rule 55(c), Ala. R. Civ. P., motion to set aside the default judgment because it was timely filed within 30 days after the default judgment became final.
 
 See Hallman v. Marion Corp.,
 
 411 So.2d 130, 132 (Ala.1982) (“A judgment by default, rendered in advance against one of several defendants, is interlocutory until final disposition is made as to all the defendants.” (citation omitted));
 
 Ford Motor Credit Co. v. Carmichael,
 
 383 So.2d 539, 542 (Ala.1980) (“[A] judgment by default, rendered in advance against one of several defendants, is interlocutory, until final disposition is made as to all the defendants.”);
 
 McConico v. Correctional Med. Servs., Inc.,
 
 41 So.3d 8, 12 (Ala.Civ.App.2009) (“ [Bjecause an entry of default is no more than an interlocutory order, it is not a final judgment, and relief from such an order is available under Rule 55(c)[, Ala. R. Civ. P.,] regardless of when the request is made.”); and
 
 Lawler Mobile Homes, Inc. v. Ellison,
 
 361 So.2d 1092, 1094 (Ala.Civ.App.1978) (noting both that “the default judgment ... because of the operation of Rule 54(b), [Ala. R. Civ. P.,] was not a final judgment and did not become final and appealable until the entry of the judgment dismissing the remaining defendant .... ” and that “defendant had thirty days thereafter to file a motion to set aside the default judgment”).
 

 In
 
 Cameron v. Tillis,
 
 952 So.2d 352, 353 (Ala.2006), this Court set out the following standard of review applicable to an order refusing to set aside a default judgment:
 

 “ ‘The standard of review in the case of an order setting aside, or refusing to set aside, a default judgment proceeds on the basis that the trial judge has great discretion, and his judgment will not be disturbed unless he has clearly [exceeded] such discretion.’
 
 Roberts v. Wettlin,
 
 431 So.2d 524, 526 (Ala.1983). However, ‘[w]hen the grant or denial [of a request for relief from a judgment] turns on the validity of the judgment, discretion has no place for operation. If the judgment is void, it is to be set aside; if it is valid, it must stand.’
 
 Smith v. Clark,
 
 468 So.2d 138, 141 (Ala.1985).”
 

 Applying the foregoing standard to the facts of the present case, we conclude that the default judgment entered against the heirs is void.
 

 “The failure to effect proper service under Rule 4, Ala. R. Civ. P., deprives the trial court of personal jurisdiction over the defendant and renders a default judgment void.
 
 Cameron v. Tillis,
 
 952 So.2d 352 (Ala.2006);
 
 Image Auto, Inc. v. Mike Kelley Enters., Inc.,
 
 [823 So.2d 655, 657 (Ala.2001) ]. In
 
 Bank of Amer
 
 
 *1195
 

 ica [Corp. v. Edwards,
 
 881 So.2d 403 (Ala.2003) ], our supreme court also stated:
 

 “ ‘ “One of the requisites of personal jurisdiction over a defendant is ‘perfected service of process giving notice to the defendant of the suit being brought.’
 
 Ex parte Volkswagenwerk Aktiengesellschaft,
 
 443 So.2d 880, 884 (Ala.1983). ‘When the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally.’
 
 Id.
 
 A judgment rendered against a defendant in the absence of personal jurisdiction over that defendant is void.
 
 Satterfield v. Winston Industries, Inc.,
 
 553 So.2d 61 (Ala.1989).” ’
 

 “881 So.2d at 405, quoting
 
 Horizons 2000, Inc. v. Smith,
 
 620 So.2d 606, 607 (Ala.1993).
 
 See also Northbrook [Indem. Co. v. Westqate, Ltd.,]
 
 769 So.2d [890] at 893 [ (Ala.2000) ].
 

 “Rule 4.3(d), Ala. R. Civ. P., governs the procedure for service by publication and provides, in pertinent part,
 

 “ ‘(1)
 
 Affidavit Necessary.
 
 Before service by publication can be made in an action where the identity or residence of a defendant is unknown ... or where the defendant avoids service, an affidavit of a party or the party’s counsel must be filed with the court averring that service of summons or other process cannot be made because either the residence is unknown to the affiant and cannot with reasonable diligence be ascertained, or, the identity of the defendant is unknown ... or, the defendant avoids service, averring facts showing such avoidance.
 

 “ ‘(2)
 
 How Published.
 
 Upon the filing of the affidavit the clerk shall direct that service of notice be made by publication in a newspaper of general circulation in the county in which the complaint is filed; and, when publication is authorized under subdivision 4.3(c), also in the county of the defendant’s last known location or residence within the United States. If no newspaper of general circulation is published in the county, then publication shall be in a newspaper of general circulation published in an adjoining county.’ ”
 

 Nichols v. Pate,
 
 992 So.2d 734, 736-37 (Ala.Civ.App.2008) (emphasis omitted).
 
 [7]
 

 In the present case, as noted above, Kemp and Edwards’s affidavit, which was filed in support of their request to serve the heirs of Frank’s estate by publication, stated that the names and addresses of Frank’s heirs remained unknown “after diligent inquiry.” In their brief to this Court, the appellants argue that Kemp and Edwards did not actually exercise reasonable diligence in attempting to ascertain the names and addresses of Frank’s heirs. We agree. Although Kemp and Edwards’s affidavit was sufficient to satisfy the technical requirements of Rule 4.3(d)(1), Ala. R. Civ. P., and the aver-ments in that affidavit notwithstanding, we remain unpersuaded that diligent inquiry was, in fact, undertaken as required by Rule 4.3.
 
 Compare Shaddix v. Shaddix,
 
 
 *1196
 
 603 So.2d 1096, 1097-98 (Ala.Civ.App.1992) (finding that “it [did] not affirmatively appear from an examination of the record that a diligent effort to locate the [defendant] was made ... or that such an effort would have proven futile”).
 

 Specifically, although we have previously held that “ ‘[i]t is not reasonable or logical to require [service first by a method other than publication] where the defendant’s residence is unknown,’ ” see
 
 Kilpatrick v. Kilpatrick,
 
 628 So.2d 729, 731 (Ala.Civ.App.1993) (quoting
 
 Brooks v. Brooks,
 
 494 So.2d 645, 647 (Ala.Civ.App.1986)), the record reflects that the appellants’ addresses were not, in fact, unknown or, at least, would not have remained so upon the exercise of reasonable diligence by Kemp and Edwards. As set out above, the guardian ad litem’s genealogy report in the proceeding in the probate court, which identified all of Frank’s potential heirs — including the appellants — was clearly filed before the plaintiffs’ complaint and the accompanying motion to serve Frank’s heirs by publication were filed. It is undisputed that Kemp and Edwards had appeared in that probate proceeding — by filing a claim against Frank’s estate — before the declaratory-judgment action was filed in the circuit court. Further, as the appellants argued in their posttrial motion, Burgess’s answer to Kemp and Edwards’s complaint also pointed out that information regarding any heirs was readily available in the file in the probate court proceeding, which Kemp and Edwards’s complaint indicated they had previously accessed in then-search for information regarding Frank’s heirs. Despite that disclosure, no actions were taken by Kemp and Edwards to provide notice to the heirs found by the guardian ad litem. In fact, Kemp and Edwards’s affidavit did not identify
 
 any
 
 efforts, other than the purported review of the contents of the probate court file, that were made in an attempt to locate Frank’s heirs before seeking to serve them by publication. As noted in
 
 March v. Stringer,
 
 518 So.2d 65 (Ala.1987), with regard to the plaintiffs’ failure to take even the minimal step of consulting telephone directories, “reasonable diligence would suggest that [such steps] be tried before service by publication be employed.” 518 So.2d at 70. The record before us demonstrates that the names and addresses of the appellants could have been easily ascertained, enabling them to be served by a method other than publication.
 

 This Court has previously held that “ ‘[failure to exercise due diligence in perfecting personal service of process precludes notice by publication.’ ”
 
 Reid v. Tingle,
 
 716 So.2d 1190, 1195 (Ala.Civ.App.1997) (quoting
 
 Shaddix v. Shaddix,
 
 603 So.2d at 1098, which cites in turn
 
 Sams v. Equitable Life Assurance Soc’y of the United States,
 
 402 So.2d 999 (Ala.Civ.App.1981)). In
 
 Sams, supra,
 
 the Court of Civil Appeals observed:
 

 “The evidence shows that appellant knew where Iris Holmes lived, knew her correct address at all times pertinent to this inquiry and, yet, made no effort to serve her with process after the initial effort failed because of an erroneous address. A plaintiff must exercise due diligence in perfecting personal service of process on a defendant and the failure to do so precludes notice by publication.
 
 Whitfield v. Sanders,
 
 Ala., 366 So.2d 258 (1979). The failure to properly notify a defendant of the action filed against him deprives the trial court of personal jurisdiction over the party and a default judgment rendered against said party would be void.
 
 Whitfield v. Sanders,
 
 supra.
 

 “The evidence shows that Tommie Sams was fully aware of Iris Holmes’s address at all times in question. Under such circumstances notice by publication
 
 *1197
 
 was insufficient to invest the trial court with jurisdiction and the default judgment rendered against her was void and properly set aside.”
 

 402 So.2d at 1001. Similarly, here, although Kemp and Edwards may not have been fully aware of the names and addresses of all Frank’s heirs, including the appellants, it appears that that information was contained in the probate court proceedings — in which Kemp and Edwards were participating — before they filed their complaint in the circuit court. Thus, the record reflects that the names and addresses of the appellants were readily ascertainable with no additional investigative efforts required on Kemp and Edwards’s part and that the appellants’ names and addresses could have, with reasonable diligence, been ascertained in order that the appellants could have easily been served by certified mail.. Under these circumstances, notice by publication was insufficient to obtain jurisdiction over the appellants, and the default judgment against them is void.
 

 In their brief to this Court, Kemp and Edwards argue that, even assuming that notice by publication was insufficient, the appellants waived any defects in service by attending the bench trial of this matter on February 20, 2008. As indicated above, the record does reflect that certain of,
 
 but not all,
 
 the appellants attended the trial, presumably because of the notice conveyed to them by Burgess in the case pending in the probate court. Further, it is true that this Court has previously acknowledged that a defendant may waive defects in service by voluntarily appearing in the proceedings.
 
 See, e.g., Cooper v. Watts,
 
 280 Ala. 236, 239, 191 So.2d 519, 521 (1966) (“ ‘It is elementary law that in order for a court to have jurisdiction of the person there must be service of process or voluntary appearance.’ ” (quoting
 
 Ex parte Gunter,
 
 17 Ala.App. 313, 315, 86 So. 146, 147 (1919))). However, that principle has no application to the present case — where the few appellants who did attend the trial did not actually “appear” as parties, were not represented by counsel, and did not participate in the proceeding in any meaningful way.
 
 See Ex parte Phillips,
 
 900 So.2d 412, 415-16 (Ala.2004) (“ ‘An appearance in an action involves some submission or presentation to the court by which a party shows his intention to submit himself to the jurisdiction of the court.’ ” (quoting
 
 Cockrell v. World’s Finest Chocolate Co.,
 
 349 So.2d 1117, 1120 (Ala.1977))). Therefore, evidence of mere attendance at the trial by some of the appellants is not compelling. Moreover, despite Kemp and Edwards’s arguments to the contrary, the appellants attending the trial could not have actually participated in the trial because of the previous entry of default against them by the clerk.
 
 See McGugin v. McGugin,
 
 23 So.3d 682, 684 (Ala.Civ.App.2009) (“After an entry of default, the defaulting party ‘loses his standing in court, cannot appear in any way, cannot adduce any evidence and cannot be heard at the final hearing.’” (quoting
 
 Dorcal, Inc. v. Xerox Corp.,
 
 398 So.2d 665, 670 (Ala.1981)) (additional citations omitted)).
 

 Whether the heirs to Frank’s estate were necessary and indispensable parties to this litigation, an issue we do not reach, we find that having named the heirs as defendants, Kemp and Edwards were required to properly serve them as provided for by Rule 4.3. Having failed to do so, the default judgment entered against the heirs was void,
 
 see Ex parte Wilson Lumber Co.,
 
 410 So.2d 407, 409 (Ala.1982) (“ ‘To authorize a court to proceed, it must acquire jurisdiction over defendant in some mode authorized by law, by service or other means, and ... a judgment rendered without acquiring such jurisdiction is a nullity.’ ”), and the circuit court erred in
 
 *1198
 
 failing to grant the appellants relief from the judgment against them. Based on the foregoing, we reverse the circuit court’s order striking the appellants’ post-judgment motion, instruct the circuit court to vacate the default judgment, and remand the case for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.
 

 [1]
 

 . The complaint indicated that the named heirs had been discovered by means of an "Internet search" of possible heirs performed by the guardian ad litem appointed in the pending probate case. These five individuals were the first five heirs identified in the guardian ad litem's report and are five of the appellants.
 

 [2]
 

 . As discussed in more detail below, Rule 4.3(d)(1), Ala. R. Civ. P., provides, in pertinent part, that "[b]efore service by publication can be made in an action where the identity or residence of a defendant is unknown ... an affidavit of a party or the party's counsel must be filed with the court averring that service of summons or other process cannot be made because either the residence is unknown to the affiant and cannot with reasonable diligence be ascertained, or, the identity of the defendant is unknown....”
 

 [3]
 

 .On October 2, 2007, before filing his answer, Burgess had moved to dismiss Kemp and Edwards’s complaint pursuant to § 43-2-131, Ala.Code 1975, on grounds that, at the time the declaratory-judgment action was initiated, the six-month claims period in the probate proceeding had not expired, nor had Burgess, as personal representative of Frank’s estate, contested Kemp and Edwards’s claim. Section 43-2-131 states that "[n]o civil action must be commenced against an executor or
 
 *1193
 
 administrator, as such, until six months after the grant of letters testamentary or of administration, unless the executor or administrator has given notice of the disallowance of the claim.” In his motion, Burgess further argued, among other things, that the complaint named improper party defendants. Although the circuit court denied the motion, it appears that the circuit court took no action until after January 11, 2008, when Burgess filed a notice in the circuit court indicating that Kemp and Edwards’s claim against Frank’s estate in the probate action had been "denied in whole.”
 

 [4]
 

 . The record before us does not contain a judgment by default.
 

 [5]
 

 . They also argued that a new trial was necessary because, they said, the evidence presented by Kemp and Edwards was insufficient to sustain the circuit court’s findings; because oral contracts to devise may not be established solely by testimonial evidence; and because of an alleged conflict of interest related to the fact that Burgess’s counsel had previously represented Kemp in the proceeding in which Kemp was named conservator of Frank’s estate.
 

 [6]
 

 . Burgess, as personal representative of Frank’s estate, does not appeal.
 

 [7]
 

 . Before the most recent amendment to Rule 4.3, Ala. R. Civ. P., which was effective August 1, 2004, and which removed the word “resident” from the text of Rule 4.3(c), the courts of this state had consistently held, with a single noted exception, "that personal jurisdiction could not be obtained over a nonresident defendant through service by publication.”
 
 Vogus v. Angry,
 
 744 So.2d 934, 936 (Ala.Civ.App.1999) (citing
 
 Shaddix v. Shaddix,
 
 603 So.2d 1096, 1098 (Ala.Civ.App.1992)).
 
 See also Wise v. Siegel,
 
 527 So.2d 1281, 1282 (Ala.1988);
 
 Williams v. Williams,
 
 910 So.2d 1284, 1287 n. 5 (Ala.Civ.App.2005).