THOMAS, Judge.
In January 2014, Oscar Pharo III (“the husband”) filed a complaint in the Chilton Circuit Court seeking a divorce from Judith Douglas Pharo (“the wife”). Service of process was attempted on the wife on March 17, 2014; the process server indicated that he was “unable to contact” the wife on that date. On May 6, 2014, the husband filed a motion requesting that the trial court authorize service by publication on the wife under Rule 4.3, Ala. R. Civ. P. The husband’s motion averred that personal service had been attempted on the wife, that the wife had moved, and that the husband was unaware of her new address. The husband’s motion was not verified or supported by an affidavit. See Rule 4.3(d)(1) (stating that an affidavit is required to support a request to serve a defendant by publication). The trial court granted the husband’s motion the same day it was filed, and the husband complied with the requirements of Rule 4.3(d)(3) by having the appropriate notice published in *95 a local newspaper for four consecutive weeks.
In October 2014, well after service by-publication was completed and well after the 30-day period for the wife to file an answer had expired, the trial court entered an order stating that the case was “ready for a default.” In November 2014, the husband filed what he entitled a “divorce default affidavit,” in which he averred that the wife had failed to appear and defend the divorce action and in which he requested that he be awarded all the accounts and assets titled in his name and all the real estate owned by the parties. He also testified in the affidavit that he and the wife were incompatible, that they no longer shared common interests, and that they had no hope of reconciliation. On December 21, 2014, the trial court entered a divorce judgment incorporating the husband’s “divorce default affidavit” regarding the division of property.
On March 11, 2015, -the wife filed a motion for relief from the divorce judgment pursuant to Rule 60(b), Ala. R. Civ. P. She averred in her motion and supporting affidavit that the husband had made material misrepresentations to the court, including that the wife had moved and that her address was unknown to the husband when, in fact, she had not left the marital residence, where she was still residing at the time she filed her Rule-60(b) motion. The wife also testified in her affidavit that she had not avoided service of process and that she did not read the newspaper and had had no knowledge that the husband had filed for a divorce. The trial court set the wife’s motion for a hearing, which it held on May 11, 2015. The trial court denied the wife’s motion by an order entered that same day, stating in that order that the husband’s counsel, the wife’s counsel, and the wife had been present at the hearing and that it had heard “argument” as, opposed to taking any evidence. The wife filed a timely appeal to this court.
In her initial brief on appeal, the wife focuses almost solely on cases discussing the’ factors set out in Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600, 605 (Ala.1988), which are used to determine whether a default judgment should be set aside. Typically, an examination of the factors under Kirtland would be appropriate when examining the denial of a Rule 60(b) motion seeking to set aside a default judgment. See Ex parte King, 776 So.2d 31, 35 (Ala.2000); DaLee v. Crosby Lumber Co., 561 So.2d 1086, 1090-91 (Ala.1990). However, because the wife challenges the husband’s ability to have effected service by publication and therefore contends that the divorce judgment is void because her due-process rights were violated when the trial court entered a judgment without having obtained personal jurisdiction over her, she seeks relief from the default judgment under Rule 60(b)(4),[1] and, thus, an examination of the Kirtland factors is unnecessary in this case.
“Generally, ‘ “[a] trial court has broad discretion in deciding whether to grant or deny a motion to set aside a default *96 judgment. In reviewing an appeal from a trial court’s order refusing to set aside a default judgment, this Court must determine whether in refusing to set aside the default judgment the trial court exceeded its discretion.” ’ Carroll v. Williams, 6 So.3d 463, 466-67 (Ala.2008) (quoting Zeller v. Bailey, 950 So.2d 1149, 1152 (Ala.2006) (citations omitted)). However,
“ ‘ “ ‘[w]hen the grant or denial of relief [from a default judgment] turns on the validity of the judgment, as under Rule 60(b)(4)[, Ala. R. Civ. PJ, discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.’ ” ’”
Cornelius v. Browning, 85 So.3d 954, 958 (Ala.2011) (quoting Pirtek USA, LLC v. Whitehead, 51 So.3d 291, 295 (Ala.2010), quoting in turn Orix Fin. Servs., Inc. v. Murphy, 9 So.3d 1241, 1244 (Ala.2008), quoting in turn Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala.1991) (emphasis omitted)).
As noted above, the wife averred in the trial court that the husband had misrepresented to the trial court that she had moved and that her address was unknown so that he could perfect service by publication. Rule 4.3 governs service by publication; the rule reads, in pertinent part: “(a) Scope of Rule. This rule applies as follows:
“(1) To a claim historically equitable involving property under the control of the court (e.g., administration of an estate, interpleader, partition) or marital status which claim has heretofore been deemed appropriate for service by publication where the identity or residence of a defendant is unknown or where a resident defendant has been absent from that defendant’s residence for more than thirty (30) days since the filing of the complaint and the method of service by publication in such instances is not specifically provided by statute....
[[Image here]]
[[Image here]]
“(d) Procedure for Publication in Actions Governed by This Rule.
“(1) Affidavit Necessary. Before service by publication can be made in an action where the identity or residence of a defendant is unknmm, or when a defendant has been absent from that defendant’s residence for more than thirty (30) days since the filing of the complaint or where the defendant avoids service, an affidavit of a party or the party’s counsel must be filed with the court averring that service of summons or other process cannot be made because either the residence is unknown to the affiant and cannot with reasonable diligence be ascertained, or, the identity of the defendant is unknown, or, the resident defendant has been absent for more than thirty (30) days since the filing of the complaint, or, the defendant avoids service, averring facts showing such avoidance.”
(Emphasis added.)
The wife’s affidavit established that she had resided in the former marital residence “for over 20 years without interruption,” that she still resided in that residence, and that the husband was aware of her address. Thus, based on those facts, she contends that the husband was not entitled to serve her by publication. The wife cites Shaddix v. Shaddix, 603 So.2d 1096 (Ala.Civ.App.1992), and Sams v. Equitable Life Assurance Society of the Unit *97 ed States, 402 So.2d 999 (Ala.Civ.App.1981), in support of her argument that the trial court erred in denying her Rule 60(b)(4) motion. Both cases support reversal of the trial court’s order denying the wife’s Rule 60(b) motion.
Sams involved a declaratory-judgment action and the interpleader of life-insurance proceeds that were claimed by Tommie Sams, the brother of the insured, and Iris Holmes, the named beneficiary of the policy. Sams, 402 So.2d at 1000. Sams sought a judgment declaring the rights of the parties to the proceeds of the policy, and he attempted to personally serve Holmes, but the summons contained a mistake in the address, listing Holmes’s address as being located on North 16th Avenue instead of North 16th Street. Id. The insurance company interpleaded the disputed proceeds and also attempted to personally serve Holmes using the address listed on the summons issued by Sams. Id. When personal service was not perfected, the insurance company requested to serve Holmes by publication, a request the trial court granted. Id. Because Holmes was served by publication arid failed to appear in the action, Sams received a default judgment in his favor awarding him the insurance proceeds. Id.
Holmes later moved for relief from the default judgment, arguing that she had not been properly served. Id. at 1000-01. The evidence indicated that Sams knew Holmes’s address and yet failed to attempt service a second time when the first attempt failed because of the mistake in the address on the summons. Id. at 1001. The trial court set aside the default judgment, and Sams appealed. Id. at 1000-01.
Our supreme court affirmed the trial court’s judgment, explaining that “[a] plaintiff must exercise due diligence in perfecting personal service of -process on a defendant and the failure to do so precludes notice by publication.” Id. at 1001. Because Sams knew Holmes’s address-, our supreme court concluded, service by publication was inappropriate arid had failed to invest the trial court with personal jurisdiction over Holmes. Id. Thus, because the trial court lacked personal jurisdiction over Holmes, our supreme court explained, the default judgment against her was void and due to be set aside. Id. (“The failure to properly notify a defendant of the action filed against him deprives the trial court of personal jurisdiction over the party and a default judgment rendered against said party would be void.”).
Similarly, in Shaddix, this court considered what arriounts to a diligent effort to locate a defendant’s address for purposes of Rule 4.3. Shaddix, 603 So.2d at 1097-98. In support of a motion seeking to serve the husband in Shaddix by publication, the wife’s attorney in Shaddix filed an affidavit stating that attempts at service at the husband’s last known address had failed and that a forwarding address could not be ascertained. Id. at 1097. The affidavit further averred that a diligent search for the husband’s address had been made. Id. Service by publication was permitted and perfected, and the wife secured a default divorce judgment. Id. The husband later sought relief from the default divorce judgment under Rule 60(b); he argued, in his motion that the wife’s affidavit was insufficient because it had not presented facts establishing that he had avoided service of process.[2] Id.
After explaining that Rule 4.3 also provides that service by publication may be *98 had if a plaintiff establishes that the residence of the defendant is unknown, this court went on to discuss whether the wife’s affidavit was sufficient to have entitled her to perfect service on the husband by publication. Id. at 1097-98. Although we explained. that the wife’s affidavit had, at least superficially, met .the requirements of Rule 4.3(d)(1), we further explained that the husband had testified in his affidavit in support of his Rule 60(b) motion that the wife was, in fact, aware of his address, that she was also aware that he worked on an offshore oil rig and was away from his residence for up to 40 days at a time, and that he had been away in connection with his work when the wife first attempted service on him. Id. The husband also stated that the wife was aware of his new address in North Carolina and that she could have contacted his mother, to whom she had mailed a copy of the default divorce judgment, for assistance in determining the husband’s whereabouts. Id. at 1098. We concluded that the wife had failed to make a diligent effort to locate the address of the husband, and, relying on Sams, we determined that the wife had been precluded from perfecting service on the husband by publication. Id. Thus, the default divorce judgment was void, and we reversed the trial court’s judgment denying the husband’s Rule 60(b) motion. Id. at 1099.
The present case is similar to both Sams and Shaddix. The husband in the present case attempted to have the wife personally served at the former marital residence on one occasion. The process server was unable to personally serve the wife at that time. The husband then filed a bare motion in which his attorney asserted that the wife had moved and that her current address was unknown. That motion, which is patently insufficient under Rule 4.3(d)(1) because the rule requires a plaintiff to file an affidavit alleging facts supporting one of the bases for service by publication before such may be permitted, did not allege that any effort, much less a diligent one, had been made to ascertain the wife’s whereabouts. The wife’s affidavit in support of her Rule 60(b) motion, which stands uncontroverted, states that she has resided in the former marital residence for 20 years, that she had not relocated or moved, and that the husband was well aware of her address.
The husband did not comply with Rule 4.3 and failed to exercise due diligence in perfecting personal service -on the wife; he was not entitled to serve the wife by publication. Based on both Sams and Shaddix, we must conclude that the default divorce judgment is void. Accordingly, the trial court’s order denying the wife’s Rule 60(b) motion is reversed, and the cause is remanded for entry of an order granting the wife’s motion and further proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. It is well established that an appellate court “looks to the essence of a motion, rather than its title, to determine how that motion is to be considered under [the] rules [of civil procedure]. The 'character of a pleading is determined and interpreted from its essential substance, and not from its descriptive name or title.’ ” Ex parte Alfa Mut. Gen. Ins. Co., 684 So.2d 1281, 1282 (Ala.1996) (quoting Union Springs Tel. Co. v. Green, 285 Ala. 114, 117, 229 So.2d 503, 505 (1969)). Thus, although the wife’s motion did not specifically rely on Rule 60(b), we construe the allegations made in the motion and the statements in the accompanying affidavit as challenging service by publication, and, thus, seeking relief under Rule 60(b)(4).

. Proof of avoidance of service-of process is required before service by publication is permitted in regard to certain legal or equitable claims, see Rule 4.3(a)(2), but “service by publication applies to a claim involving marital status 'where the identity or residence of a defendant is unknown....’” Brooks v. *98 Brooks, 494 So.2d 645, 647 (Ala.Civ.App.1986) (quoting Rule 4.3(a)(1)).