Rel: April 17, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

_____

### CL-2025-0887

_____

### Lloyd C. Young

### v.

### Gloria Hamner

### Appeal from Tuscaloosa Circuit Court
### (CV-25-900536)

EDWARDS, Judge.

In May 2025, Gloria Hamner filed a complaint against Lloyd C. Young in the Tuscaloosa Circuit Court ("the trial court"), alleging that Young had defaulted on a promissory note that Young had executed in Hamner's favor and that he owed Hamner $22,721.94. Hamner attached

to her complaint a copy of the purported promissory note. Hamner requested that Young be served by commercial carrier under Rule 4(i)(3), Ala. R. Civ. P. However, the record reflects that the trial-court clerk did not institute service by commercial carrier, see Rule 4(i)(3)(A)(i), and that, instead, Hamner's attorney selected a commercial carrier and instituted service pursuant to Rule 4(i)(3)(A)(ii).

On May 19, 2025, as required by Rule 4(i)(3)(C), Hamner's attorney filed in the trial court a form titled "Proof of Service by Commercial Carrier." Hamner properly included with her proof-of-service form the receipt of delivery from the commercial carrier indicating that delivery had been accomplished on May 19, 2025. The receipt of delivery indicated that the delivery had been "Signed for by: L. Young"; contained, under a section designated as "Special Handling," the statement "indirect signature required"; and, at the bottom of the receipt, stated that "no signature is available for this … shipment because a signature was not required." The receipt of delivery bears no written signature and no electronic signature. See Rule 30(G), Ala. R. Jud. Admin. (indicating that an "electronic signature" is denoted by the use of "/s/" followed by the name of the signatory).

2

On June 25, 2025, Hamner filed a motion titled "Application for Entry of Default, Motion for Default Judgment, and Supporting Affidavit," accompanied by an affidavit executed by Hamner's counsel stating that Young had been served on May 19, 2025, and that Young had neither answered nor otherwise defended against the complaint. The affidavit further stated that the complaint sought $22,721.94 in damages, plus attorney fees and costs, which the affidavit averred were $1,307.50 and $380.55, respectively. Hamner also provided the trial court with a proposed default judgment. On the following day, the trial court entered a default judgment in favor of Hamner using the proposed default judgment.

On July 2, 2025, Young filed a motion to set aside the default judgment. In his motion, Young challenged service of process, arguing that Hamner had not properly perfected service of process by commercial carrier pursuant to Rule 4(i)(3). Specifically, Young challenged Hamner's failure to file an "Affidavit of Delivery to a Commercial Carrier of Process and Complaint," as required by Rule 4(i)(3)(B)(ii), and the lack of a

3

signature on the receipt of delivery from the commercial carrier.[1]  On September 3, 2025, the trial court denied Young's motion to set aside the default judgment.  Young filed a timely notice of appeal to this court.

In his motion to set aside the default judgment, Young argued that Hamner did not properly accomplish service of process by commercial carrier under Rule 4(i)(3) and, therefore, that the default judgment is void.  See Nichols v. Pate, 992 So. 2d 734, 736 (Ala. Civ. App. 2008) ("The failure to effect proper service under Rule 4, Ala. R. Civ. P., deprives the trial court of personal jurisdiction over the defendant and renders a default judgment void.").  Although Young's motion to set aside the default judgment was timely filed pursuant to Rule 55(c), Ala. R. Civ. P., because he argues in that motion that the default judgment is void because of the lack of proper service of process on him, we will, as directed

---

[1]In his motion, Young also asserted that he had a meritorious defense to the action, that the default judgment had not been the result of his own culpable conduct, and that Hamner would not suffer prejudice if the default judgment was set aside.  See Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So. 2d 600, 605 (Ala. 1988) (setting out the factors that a trial court must consider when determining whether to set aside a default judgment).  However, because Young challenged the default judgment as being void for lack of proper service of process, he was not required to argue or establish the Kirtland factors.  See Pharo v. Pharo, 199 So. 3d 93, 95 (Ala. Civ. App. 2015).

by our supreme court, treat his motion as one filed pursuant to Rule 60(b)(4), Ala. R. Civ. P., challenging a void judgment. See Ali v. Williamson, 308 So. 3d 898, 902 (Ala. 2019) (construing a timely filed Rule 55(c) motion to set aside a default judgment as a Rule 60(b)(4) motion because the movant argued that the judgment was void). Young correctly contends that our review of the trial court's denial of his motion to set aside the default judgment is de novo.

> "Although a circuit court has 'great discretion' in ruling on a motion to set aside a default judgment, if a default judgment is void, it must be set aside:
>
>> "'"'The standard of review in the case of an order setting aside, or refusing to set aside, a default judgment proceeds on the basis that the trial judge has great discretion, and his judgment will not be disturbed unless he has clearly [exceeded] such discretion.' Roberts v. Wettlin, 431 So. 2d 524, 526 (Ala. 1983). However, '[w]hen the grant or denial [of a request for relief from a judgment] turns on the validity of the judgment, discretion has no place for operation. If the judgment is void, it is to be set aside; if it is valid, it must stand.' Smith v. Clark, 468 So. 2d 138, 141 (Ala. 1985)."'"

Ex parte LERETA, LLC, 226 So. 3d 140, 143 (Ala. 2016) (quoting Boudreaux v. Kemp, 49 So. 3d 1190, 1194 (Ala. 2010), quoting in turn Cameron v. Tillis, 952 So. 2d 352, 353 (Ala. 2006)). Thus, when an

5

appellate court is "reviewing the ruling of a trial court on a motion to vacate a default judgment on the ground that the judgment was void, [that] court applies a de novo standard of review. ... Discretion plays no part in determining whether a default judgment is void." LVNV Funding, LLC v. Boyles, 70 So. 3d 1221, 1226-27 (Ala. Civ. App. 2009).

As noted, Hamner chose to serve Young by commercial carrier under Rule 4(i)(3).[2] Rule 4(i)(3) provides:

> "(3) Service by Commercial Carrier.
>
> > "(A) When Proper.
> >
> > > "(i) When the plaintiff files a written request with the clerk for service by commercial carrier, service of process shall be made by that method. For purposes of this subdivision, 'commercial carrier' means only those commercial carriers approved by the Administrative Director of Courts, pursuant to Rule 45 of the Alabama Rules of Judicial Administration. When service by commercial carrier is initiated by the clerk, the clerk's choice of commercial carrier is limited to those approved by the Administrative Director of Courts.
> > >
> > > "(ii) Alternatively, the attorney or party filing the process and complaint

---

[2]The rule became effective August 14, 2023.

6

may initiate service by commercial carrier as provided in this rule. For purposes of this subdivision, 'commercial carrier' means any foreign or domestic business entity that is not a party to the civil action; that has as its primary purpose the delivery of letters and parcels of any type; and that will deliver to the sender a written or electronic receipt showing to whom the process and complaint were delivered, the written or electronic signature of the recipient, the date of delivery, the address where delivered, and the person or entity effecting delivery.

"(B) <u>How Served</u>.

"(i) In the event of service by commercial carrier initiated by the clerk, the clerk shall deliver to the commercial carrier a copy of the process and complaint or other document to be served in an envelope and shall address the envelope to the person to be served. In the case of an entity within the scope of one of the subdivisions of Rule 4(c), the addressee shall be a person described in the appropriate subdivision. The clerk shall provide to the commercial carrier payment of the required shipping costs, with instructions to the commercial carrier to provide to the clerk a written or electronic receipt showing to whom the process and complaint or other document to be served was delivered, the written or electronic signature of

7

the recipient, the date of delivery, the address where delivered, and the person or entity effecting delivery. The clerk shall forthwith enter the fact of delivery to the commercial carrier on the docket sheet of the action and make a similar entry when a delivery receipt is received.

"(ii) Alternatively, the attorney or party filing the process and complaint or other document to be served may obtain a copy of the filed pleading from the clerk or, if the pleading was filed electronically, use the copy returned electronically by the clerk. The attorney or party shall then deliver to the commercial carrier that copy of the process and complaint or other document to be served in an envelope and shall address the envelope to the person to be served. In the case of an entity within the scope of one of the subdivisions of Rule 4(c), the addressee shall be a person described in the appropriate subdivision. The attorney or party shall provide to the commercial carrier payment of the required shipping costs, with instructions to the commercial carrier to provide to the attorney or party a written or electronic receipt showing to whom the process and complaint or other document to be served was delivered, the written or electronic signature of the recipient, the date of delivery, the address where delivered, and the person or entity effecting

delivery. Upon delivery to the commercial carrier, the attorney or party shall immediately file with the court an 'Affidavit of Delivery to a Commercial Carrier of Process and Complaint.' That affidavit shall verify that a filed copy of the process and complaint or other document to be served has been delivered to a commercial carrier in accordance with this rule.

"(C) <u>When Effective</u>. Service by commercial carrier shall be deemed complete and the time for answering shall run from the date of delivery as evidenced by the commercial carrier's written or electronic receipt showing to whom the process and complaint or other document to be served was delivered, the written or electronic signature of the recipient, the date of delivery, the address where delivered, and the person or entity effecting delivery. When service is initiated under Rule 4(i)(3)(B)(ii), the attorney or party shall, within ten (10) days after receiving the commercial carrier's written or electronic delivery receipt, file with the court a 'Proof of Service by Commercial Carrier' that identifies the commercial carrier and explains the method of service, states the name of the person served, notes the date of delivery, and has attached a printed copy of the commercial carrier's written or electronic delivery receipt or other evidence of delivery. Within the meaning of this subdivision, 'agent' means a person or entity specifically authorized by the addressee to receive the addressee's commercial-carrier deliveries and to deliver them to the addressee. Such agent's authority shall be conclusively established when the addressee acknowledges actual receipt of the

summons and complaint or the court determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default. An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within time to avoid a default. In the case of an entity included in one of the provisions of Rule 4(c), 'defendant,' within the meaning of this subdivision, shall be such a person described in the applicable subdivision of 4(c).

"(D) Failure of Delivery. Failure to make service within sixty (60) days from issuance of the process by the clerk of the court and failure to make proof of service do not affect the validity of service perfected beyond that period."

Young contends that the burden of proving proper service rested on Hamner. Indeed, "[w]hen the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally." See Ex parte Volkswagenwerk Aktiengesellschaft, 443 So. 2d 880, 884 (Ala. 1983). Hamner, however, contends that Young bore the burden of establishing that he was not properly served. She posits that the receipt of delivery from the commercial carrier that was filed with the proof-of-service form required by Rule 4(i)(3)(C) is a "service return," which, she contends, is prima facie evidence that service of process was

10

accomplished; thus, she argues, Young was required to rebut the presumption that service of process was properly accomplished by clear and convincing evidence. See Powell v. Central Bank of the S., 510 So. 2d 171, 172 (Ala. 1987) (stating that "the party challenging the return [of service] has the burden of establishing lack of service by clear and convincing evidence" and that "a properly executed return will not be invalidated upon the uncorroborated statements of the parties in which they deny service upon themselves").

Rule 4(i)(3) has not yet been construed by any court. "When interpreting a [court rule], a court must give the language of the [rule] its plain and commonly understood meaning." Ex parte Living By Faith Christian Church, 360 So. 3d 340, 344 (Ala. 2021); see also Moffett v. Stevenson, 909 So. 2d 824, 826 (Ala. Civ. App. 2005). The language of Rule 4(i)(3) is straightforward and unambiguous. The rule requires that, when an attorney or a party initiates service by commercial carrier, certain filings be made evidencing the placement of the documents to be served in the custody of the commercial carrier and evidencing the delivery of the documents by the commercial carrier. Moreover, the rule is clear that the "written or electronic" receipt evidencing delivery by the

11

commercial carrier must contain specific information: "to whom the process and complaint or other document to be served was delivered, the written or electronic signature of the recipient, the date of delivery, the address where delivered, and the person or entity effecting delivery." Those requirements are repeated in <u>four</u> subsections of the rule: Rule 4(i)(3)(A)(ii), Rule 4(i)(3)(B)(i), Rule 4(i)(3)(B)(ii), and Rule 4(i)(3)(C). Although Rule 4 does not define the term "electronic signature," that term is defined in Rule 30(G), Ala. R. Jud. Admin., which provides that "[a]n electronic signature is considered to be the original signature upon the court record or document for all purposes under these Rules and other applicable statutes or rules." According to Rule 30(G), "[e]lectronic signatures shall either: (1) show an image of such signature as it appears on the original document or appended as an image file or (2) bear the name of the signatory preceded by an '/s/' typed in the space where the signature would otherwise appear, as follows: /s/ Jane Doe."

Based on our reading of the plain language of Rule 4(i)(3), we cannot agree with Hamner that the receipt of delivery provided by the commercial carrier appended to her proof-of-service form is akin to a service return under Rule 4(i)(1)(C) or a certified-mail receipt. Unlike

Rule 4(i)(1)(C), which governs personal service of process and which specifically provides that "[t]he return of the person serving process in the manner described herein shall be prima facie evidence that process has been served," Rule 4(i)(3) does not contain similar language making the receipt of delivery from the commercial carrier "prima facie evidence" that service of process was accomplished. Although Rule 4(i)(2) does not specifically so provide, our supreme court has determined that a certified-mail receipt functions to establish that the summons and the complaint were mailed to the address denoted on the receipt and that the certified mail was signed for by the person who signed that receipt but does not necessarily establish that service of process was properly perfected. See McDermott v. Tabb, 32 So. 3d 1, 4 (Ala. 2009). Notably, the issue regarding whether a defendant was properly served often turns on the signature on the certified-mail receipt. The receipt of delivery required by Rule 4(i)(3) might well be equivalent to a certified-mail receipt because it, too, requires a signature. However, we need not resolve that issue to resolve the present appeal.

The receipt of delivery provided to Hamner by the commercial carrier in this case does not contain a signature -- either written or

13

electronic. In fact, the receipt of delivery provided by the commercial carrier indicates that the package required an "indirect signature," whatever that may be, and also states that "no signature is available for this ... shipment because a signature was not required." Thus, it is apparent to this court that, even if we were to construe a receipt of delivery by a commercial carrier to be equivalent to a certified-mail receipt such that the receipt of delivery would create a presumption that the summons and complaint were delivered to the address on the receipt of delivery and that the person whose signature appeared on the receipt of delivery signed for the package, the receipt of delivery provided by the commercial carrier in the present case would not qualify as proof of service of process because of the lack of any signature.

Because Young has challenged service of process as improper or invalid and because the receipt of delivery provided by the commercial carrier in the present case could not possibly serve as evidence of service of process on Young because it lacked a signature, we agree with Young that the record does not contain a "service return" that would shift the burden of proving a lack of service of process to Young. Therefore, Hamner bore the burden of establishing that service of process on Young

14

was properly accomplished. In order to conclude our review, we must determine whether Hamner proved that she properly perfected service of process on Young by commercial carrier pursuant to Rule 4(i)(3) such that the trial court properly denied Young's motion to set aside the default judgment. See McDermott v. Tabb, 32 So. 3d 1, 3 (Ala. 2009) (explaining that an appellate court "review[s] de novo the facts to determine whether [the plaintiff] has established that [the defendant] was properly served so as to vest the trial court with the necessary jurisdiction to enable it to enter a default judgment against [the defendant]").

We begin with the premise that "strict compliance with the rules regarding service of process is required." Ex parte Pate, 673 So. 2d 427, 429 (Ala. 1995). As we have already stated, the receipt of delivery provided by the commercial carrier in this case does not comply with Rule 4(i)(3), which requires that a receipt of delivery from a commercial carrier contain either a written or electronic signature of the recipient. Moreover, Hamner failed to follow the requirements of Rule 4(i)(3)(B)(ii), which required her to, "[u]pon delivery to the commercial carrier, … immediately file with the court an 'Affidavit of Delivery to a Commercial Carrier of Process and Complaint'" that must have verified "that a filed

copy of the process and complaint … ha[d] been delivered to a commercial carrier in accordance with th[e] rule." Those failings establish that Hamner did not properly serve Young with the summons and complaint, and, therefore, that the trial court erred in failing to set aside the default judgment against him. Accordingly, we reverse the judgment of the trial court, and we remand the case for the entry of an order setting aside the default judgment and for further proceedings.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Moore, P.J., and Hanson, Fridy, and Bowden, JJ., concur.