MALONE, Chief Justice.
The Circuit Court of the City of Virginia Beach, Virginia, appointed the Trust Company of Virginia (“TCVA”) the conservator of property owned by Amy Falcon Morris (“Ms. Morris”) when that court, declared *68 Ms. Morris to be incapacitated on February 29, 2008. Ms. Morris died on March 25, 2011, in Montgomery, Alabama, and her will was admitted to probate in the Montgomery County Probate Court (“the probate court”). The probate court entered orders compelling TCVA to turn over funds in the conservancy estate to the estate opened in the probate court and enjoining TCVA from expending funds without prior approval. TCVA moved to vacate those orders, and the probate court denied the motion. TCVA then petitioned this Court for a writ of prohibition or other appropriate writ directing the probate court to vacate those orders on the basis that it lacked jurisdiction to enter those orders. We conclude that in this case a writ of mandamus is the appropriate remedy by which to order a vacatur of the probate court’s orders. Because we have no reason to conclude that the probate court will not comply, we decline to issue a writ of prohibition. Because we conclude that TCVA was never properly served with process or provided adequate notice of the proceeding before the probate court, we direct the probate court to vacate the contested orders concerning the assets as to which TCVA is the conservator.

Facts and Procedural History

On April 7, 2011, the probate court entered a judgment admitting to probate a May 25, 2007, will executed by Ms. Moms (“the 2007 will”) and appointing Ms. Morris’s son Thomas W. Morris, Jr. (“Mr. Morris”), personal representative of Ms. Morris’s estate. On April 28, 2011, TCVA filed a complaint for interpleader in the Virginia Beach Circuit Court requesting that court to resolve the competing demands on Ms. Morris’s assets in the con-servatorship created by the probate court’s action, specifically requesting that it supervise the final administration, accounting, and settlement of the conservatorship. On May 16, 2011, Mr. Morris filed a “Petition to Compel Release of Trust Funds” (“the petition”) in the probate court; TCVA was not named as a party or served with notice of the hearing on the petition. On May 19, 2011, the probate court entered an order directing TCVA to release to Mr. Morris, in his capacity as personal representative of Ms. Morris’s estate, any funds it was holding on behalf of Ms. Morris. On June 1, 2011, TCVA filed a motion in the probate court, asking the probate court to vacate its prior order directing it to release the conservatorship funds to Mr. Morris. On August 16, 2011, the probate court held a hearing on TCVA’s motion to vacate and the next day issued an order denying TCVA’s motion, directing TCVA to turn over all conservatorship funds to Mr. Morris and enjoining TCVA from expending funds without the probate court’s prior approval. Then, on August 28, 2011, the Virginia Beach Circuit Court admitted to probate a 1998 will executed by Ms. Morris, appointed attorney Karen Loulakis as administratrix of that estate, and ruled that the 2007 will had been rendered void when Ms. Morris was declared incapacitated by that same court in 2008.
On September 27, 2011, TCVA petitioned this Court for a writ of prohibition or other appropriate writ directing the probate court to vacate its orders of May 16, 2011, and August 17, 2011, or prohibiting the probate court from otherwise exercising jurisdiction over the conservator-ship. As stated earlier, we are treating the petition as one seeking mandamus relief. On October 27, 2011, the Virginia Beach Circuit Court held a final hearing on the interpleader action and granted TCVA leave to expend $83,173.63 in payment of legal fees incurred relating to the conservatorship account.

Standard of Review

“ ‘ “Mandamus is an extraordinary remedy and will be *69 granted only where there is ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ”
“ ‘Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810, 813 (Ala.2003) (quoting Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991)). Mandamus will lie to direct a trial court to vacate a void judgment or order. Ex parte Chamblee, 899 So.2d 244, 249 (Ala.2004).
“ ‘Like mandamus, prohibition is an extraordinary writ, “and will not issue unless there is no other adequate remedy.'” Ex parte K.S.G., 645 So.2d 297, 299 (Ala.Civ.App.1992) (citing Ex parte Strickland, 401 So.2d 33 (Ala.1981)). “Prohibition is proper for the prevention of a usurpation or abuse of power where a court undertakes to act in a manner in which it does not properly have jurisdiction.” Ex parte K.S.G., 645 So.2d at 299. A writ of prohibition will issue “[ojnly if the pleadings show on their face that the lower court does not have jurisdiction.” Ex parte Perry County Bd. of Educ., 278 Ala. 646, 651, 180 So.2d 246, 250 (1965). “In such instances, the act of the usurping court is wholly void, and will not support an appeal.” Id.’
“Ex parte Sealy, L.L.C., 904 So.2d 1230, 1232-33 (Ala.2004). We conclude that under the facts of this case a writ of mandamus is the appropriate remedy by which to order a vacatur of the circuit court’s void order.”
Ex parte Scrushy, 940 So.2d 290, 293-94 (Ala.2006).

Analysis

TCVA argues that the probate court lacked personal jurisdiction over TCVA because TCVA was not named as a party in the probate proceeding and was not served with notice of the proceeding in the probate court. We observe that TCVA maintains that it was never served with process of the proceeding in the probate court or provided with proper notice of that proceeding.
This Court has held:
“The existence of personal jurisdiction depends on the presence of (1) perfected service of process giving notice to defendant of the suit being brought, Mullane v. Hanover Trust Co., 339 U.S. 306, 313-314, 70 S.Ct. 652, 656-657, 94 L.Ed. 865 (1950), and (2) sufficient minimum contacts between the forum state and the defendant so as to render it just and reasonable to force the defendant to come to the forum state to defend the suit. Kulko v. California Superior Court, 436 U.S. 84, 91, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (197[8]). There being no dispute concerning the requisite minimum contacts of VWAG with Alabama, the only issue before us is whether the first prong of the test for personal jurisdiction has been satisfied in this case. Has VWAG been given notice of the suit against it by perfected service of process?
“When the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally.”
Ex parte Volkswagenwerk Aktiengesellschaft, 443 So.2d 880, 884 (Ala.1983). TCVA has alleged that the conservatorship was never served with process or provided proper notice of the proceeding in the probate court. Mr. Morris, as administra *70 tor of the estate opened in the probate court, has not alleged any facts before this Court that would prove that he served the conservatorship, nor has he contested TCVA’s allegation as to the absence of service of process. It is axiomatic that a court does not obtain personal jurisdiction over a party upon which service of process has not been perfected and proper notice has not been provided. Because there is no evidence before this Court that the conservatorship ever received service of process or proper notice, the probate court does not have personal jurisdiction over the conservatorship, and its orders directed to the conservatorship are void and due to be vacated.

Conclusion

Because the probate court lacked personal jurisdiction over TCVA, as conservator of Ms. Morris’s assets, we hereby direct the probate court to vacate its orders requiring TCVA to transfer the conserva-torship assets to Mr. Morris, as personal ■representative of Ms. Morris’s estate, and enjoining it from disbursing certain of those assets without the probate court’s approval.
PETITION GRANTED; WRIT ISSUED.
STUART, BOLIN, PARKER, MAIN, and WISE, JJ., concur.
WOODALL, MURDOCK, and SHAW, JJ., dissent.