STUART, Justice.
Bob J. Harden appeals the trial court’s order striking his notice of appeal. Because we hold that the trial court lacked jurisdiction to enter that order, the order will not support an appeal, and we must dismiss Harden’s appeal.
On June 26, 2007, Harden sued Bennie C. Laney, alleging that Laney’s negligence and wantonness resulted in an automobile accident in which Harden was injured. Georgia Farm Bureau Mutual Insurance Company (“GFB”) intervened in the action to protect its rights as an uninsured- or underinsured-motorist insurance carrier or subrogee and moved for a summary judgment. On February 16, 2012, the trial court entered a summary judgment for GFB and dismissed the case with prejudice.[1] On March 29, 2012, Harden filed a notice of appeal in the trial court. On April 9, 2012, GFB moved the trial court to strike the notice of appeal, arguing that, because Harden’s notice of appeal was filed by an attorney who, at the time the *187 notice of appeal was filed, did not possess an active license to practice law in the State of Alabama, Harden’s notice of appeal was a nullity. In its motion, GFB acknowledged that Harden’s notice of appeal was filed on “the forty-second day following this Court’s entry of its final order — the deadline to file such a notice pursuant to Rule 4 of the Alabama Rules of Appellate Procedure.” The trial court entered an order striking Harden’s notice of appeal on the basis that Harden’s attorney “was in an ‘Inactive’ status with the Alabama State Bar Association.” Harden appeals the trial court’s order striking his notice of appeal.
“[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). The timely filing of a notice of appeal invokes the jurisdiction of an appellate court and divests the trial court of jurisdiction to act except in matters entirely collateral to the appeal. Altmayer v. Stremmel, 891 So.2d 305, 309 (Ala.2004); Osborn v. Riley, 331 So.2d 268 (Ala.1976). See also Committee Comments to Rule 3, Ala. R.App. P. (“Timely filing of the notice of appeal is a jurisdictional act. It is the only step in the appellate process which is jurisdictional.”).
In this case, the trial court did not have jurisdiction to entertain GFB’s motion to strike Harden’s notice of appeal. Harden states, and GFB admits, that Harden’s notice of appeal was timely filed in the trial court. The timely filing of Harden’s notice of appeal divested the trial court of jurisdiction to act in this case and invoked this Court’s jurisdiction to act as to matters concerning Harden’s appeal. See Ex parte P & H Constr. Co., 723 So.2d 45, 48 (Ala.1998) (“‘Failure of an appellant to take any step other than the timely filing of a notice of appeal with the clerk of the trial court does not affect the validity of the appeal, but is ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal.’” (quoting Committee Comments to Rule 3, Ala. R.App. P.)). Because jurisdiction over Harden’s appeal rested in this Court when the trial court entered its order purporting to strike Harden’s notice of appeal, the trial court’s order is a nullity and will not support an appeal; therefore, Harden’s appeal from that order is dismissed.
APPEAL DISMISSED.
MALONE, C.J., and PARKER, SHAW, and WISE, JJ., concur.

. Earlier in the proceedings, the trial court had entered a summary judgment for Laney.