MAIN, Justice.
LERETA, LLC, petitions this Court for a writ mandamus directing the Colbert Circuit Court to vacate its order denying LERETA’s motion to set aside a default judgment entered against it in the action brought by Fronia Warhurst and to enter an order setting aside the default judgment. Because we conclude that Warhurst did not perfect service of process on LERETA, we grant the petition and issue the writ. , ..
I. Facts and Procedural History
Warhurst’s house flooded during a rainstorm in September 2012. On July 28, 2014, Warhurst sued the City of Tüseüm-bia, JP Morgan Chase Bank, N.A. (“Morgan Chase”), and LERETA. Warhurst averred that Tuscumbia negligently and/or wantonly maintained or repaired a storm-drainage system near her' house, which, she said, proximately resulted in the flooding. Warhurst further alleged that, before the flooding, Morgan Chase, the holder of Warhurst’s mortgage, wrongfully terminated her flood insurance. Finally, War-hurst alleged that LERETA, a company that provides flood-zone-determination reports and certifications to lenders, incorrectly informed Morgan Chase that War-hurst’s house ■ was not in a flood zone. Warhurst demanded judgment against all three defendants in the amount of $250,000, “or as a jury may determine.”
Warhurst attempted to serve LERETA via certified mail addressed to its corporate headquarters. The certified mail was not addressed to any particular individual; rather, it was addressed generally to “Lereta LLC,” as follows:
“Lereta LLC
“1123 Parkview Drive
“Covina, California
“91724”
The certified mail was received and signed for by an employee of LERETA on August 4, 2014. It is undisputed that the employee who signed the certified-mail receipt was *142 not an officer, partner, managing agent, general agent, or agent authorized by appointment or by law to receive service of process. Further, the employee who signed for the certified mail did not check the “agent” box on the certified-mail return receipt.
LERETA did not file an answer. On September 15, 2014, Warhurst filed an application for entry of a default judgment against LERETA and requested that the judgment be entered in the amount of $250,000. On October 9, 2014, the circuit court entered a default judgment against LERETA in the amount of $250,000. The claims against Tuscumbia and Morgan Chase remained pending, and, on the motion of Tuscumbia, the circuit court stayed the action as to Tuscumbia pending War-hurst’s collection efforts against LERETA.
On March 25, 2016, LERETA filed a motion to set aside the default judgment. In its motion, LERETA argued that the court’s October 9, 2014, order purporting to enter a default judgment was not a final judgment and thus was subject to being set aside by the circuit court. It also argued that Warhurst had not perfected service on LERETA because the certified mail was not addressed to an officer, member, managing agent, general agent, or an agent authorized by appointment or law to receive service of process. LERETA further averred that it has a meritorious defense, that no prejudice will result to War-hurst if the default judgment is set aside, and that the default judgment was not a result of its own culpable conduct. In support of its motion, LERETA attached an affidavit of its chief executive officer, John Walsh. Walsh testified that he was unaware of the action against LERETA until March 2016. He testified that the employee who signed for the certified mail was not an officer, member, or managing or general agent of LERETA and was not an agent authorized to receive service of the complaint.
Warhurst states that, on April 20, 2016, she initiated formal debt-collection proceedings in California in an attempt to collect on the default judgment entered against LERETA. On May 26, 2016, the circuit court entered an order denying LERETA’s motion to set aside the default judgment. This petition for the writ of mandamus followed.
II. Analysis
Initially, we address whether a petition for a writ of mandamus is the proper vehicle by which to address the circuit court’s denial of LERETA’s motion to set aside the default judgment.
“ ‘ “Mandamus is an extraordinary remedy and will be granted only where there is ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; ■ (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ”
“ ‘Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810, 813 (Ala. 2003) (quoting Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991)). Mandamus will he to direct a trial court to vacate a void judgment or order. Ex parte Chamblee, 899 So.2d 244, 249 (Ala. 2004).’ ”
Ex parte Scrushy, 940 So.2d 290, 293-94 (Ala. 2006)(quoting Ex parte Sealy, L.L.C., 904 So.2d 1230, 1232 (Ala. 2004)).
Ordinarily, “[i]f we were dealing with a true judgment by default, where damages had been assessed and the judgment was otherwise ‘final,’ the petitioners would have an adequate remedy by means of appeal, and mandamus would not be appropriate.” Ex parte Family Dollar *143 Stores of Alabama, Inc., 906 So.2d 892, 897 (Ala. 2005). The default judgment in this case, however, did not adjudicate all the claims as to all the parties, and the circuit court did not certify the judgment as final pursuant to Rule 54(b), Ala. R. Civ. P. Thus, the order is interlocutory and does not support a direct appeal. See Progress Indus., Inc. v. Wilson, 52 So.3d 500, 505 (Ala. 2010) (“ ‘A judgment by default, rendered in advance against one of several defendants, is interlocutory until final disposition is made as to all defendants.’” (quoting Hallman v. Marion Corp., 411 So.2d 130, 132 (Ala. 1982))).
Nevertheless, despite the nonfinal nature of the judgment, Warhurst has initiated legal proceedings in California against LERETA in an attempt to collect on the judgment, and the circuit court in thi^ case has indefinitely stayed the action against Tuscumbia pending Warhurst’s collection efforts. Accordingly, LERETA is currently faced with defending against collection proceedings related to a nonfinal judgment as to which it has no present right to appeal. Under these circumstances, LERETA has no adequate means by which to challenge the nonfinal judgment, other than a petition for writ of. mandamus. Thus, a writ of mandamus is the appropriate remedy in this case. See, e.g., Ex parte Family Dollar, 906 So.2d at 897 (holding mandamus review proper from the denial of a motion to set aside a nonfinal default judgment).
Further supporting our conclusion that mandamus is the proper remedy is LERETA’s contention that the default judgment is void for want of personal jurisdiction. “ ‘ “[Mjandamus will he to direct a trial court to vacate a void judgment or order.” ’ ” Ex parte Trust Co. of Virginia, 96 So.3d 67, 69 (Ala. 2012) (quoting Ex parte Scrushy, 940 So.2d at 294, quoting in turn Ex parte Sealy, 904 So.2d at 1232). LERETA argues that the circuit court never obtained personal jurisdiction over it and, thus, that the default judgment is void and is due to be set aside. Specifically, LERETA contends- that it was not served in .accordance with Rule 4, Ala. R. Civ. P., because the certified mail was not addressed to a natural person .who is “an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process.” Rule 4(c), Ala. R. Civ. P. We agree.
Although a circuit court has “great discretion” in ruling on a motion to set aside a default judgment, if a default judgment is void, it must be set aside:
“ ‘ “The standard of review in the case of an order setting aside, or refusing to set aside, a default judgment proceeds on the basis that the trial judge has great discretion, and his judgment will not be disturbed unless he has clearly [exceeded] such discretion.” Roberts v. Wettlin, 431 So.2d 524, 526 (Ala. 1983). However, “[w]hen the grant or denial [of a request for relief from a judgment] turns on the validity of the judgment, discretion has no place for operation. If the judgment is void, it is to be set aside; if it is valid, it must stand.” Smith v. Clark, 468 So.2d 138, 141 (Ala. 1985).’”
Boudreaux v. Kemp, 49 So.3d 1190, 1194 (Ala. 2010)(quoting Cameron v. Tillis, 952 So.2d 352, 353 (Ala. 2006)); see also LVNV Funding, LLC v. Boyles, 70 So.3d 1221, 1226-27 (Ala. Civ. App. 2009) (“In reviewing the ruling of a trial court on a motion to vacate a default judgment on the ground that the judgment was void, this court applies a de novo standard of review. ... Discretion plays no part in determining .whether a default judgment is void.”).
*144 Failure to prefect service renders a default judgment void. “‘The failure to effect proper service under Rule 4, Ala. R. Civ. P., deprives the trial court of personal jurisdiction over the defendant and renders a default judgment void.’” Boudreaux, 49 So.3d at 1194 (quoting Nichols v. Pate, 992 So.2d 734, 736 (Ala. Civ. App. 2008)).
In this case, Warhurst attempted service on LERETA by requesting the clerk to issue service of process by certified mail pursuant to Rule '4(i)(2)(B)(i), Ala. R. Civ. ■P. That provision authorizes a plaintiff to effectuate service by certified mail as follows:
“(i) In the event of service by certified mail by the clerk, the clerk shall place a copy of the process and complaint or other document to be served in an envelope and shall address the envelope to the person to be served with instructions to forward. In the case of an entity within the scope of one of the subdivisions of Rule 4(c), the addressee shall be a person described in the appropriate subdivision....”
(Emphasis added.) Rule 4(c)(6) provides upon whom process must be served when seeking to serve “Corporations and Other Entities.” Thus, when seeking to serve a corporation or other business entity by certified mail, Rule 4(c)(6) directs to whom the certified mail must be addressed. That section provides:
“(c) Upon Whom Process Served. Service of process ... shall be made as follows:

(t

“(6) Corporations and Other Entities. Upon a domestic or foreign corporation or upon a partnership, limited partnership, limited liability partnership, limited liability company, or unincorporated organization or association, by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process.”
(Emphasis added.) The Committee Comments to Amendment to Rule 4 Effective August 1, 2004, make clear that Rule 4(c)(6) was intended to require that personal or certified-mail service to a business entity must be accomplished by directing service to a “specific person” or a registered agent:[1]
“The former provision allowing corporations and other business entities to be served by certified mail at any of their usual places of business has been eliminated. Now, personal or certified mail service must be directed to the registered or appointed agent or to a specific person, such as an ‘officer/ ” '
(Emphasis added.)
Furthermore, Rule 4(i)(2)(C) provides when service by certified mail is deemed effective:
“(C)- When Effective. Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee’s agent as evidenced by signature on the return receipt. Within the meaning of this subdivision, ‘agent’ means a person or entity specifically authorized by the addressee to receive the addressee’s mail and to deliver that mail to the addressee. Such agent’s authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint or' the court *145 determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default. An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within time to avoid a default. In- the case of an entity included ■ in one of the provisions of Rule 4(c), ‘defendant/ within the meaning of this subdivision, shall be such a person described in the applicable subdivision of 4(c).”
Again, the Committee Comments specifically state that effective service by certified mail to a business entity requires delivery to an “addressee,” who must be a person as identified in Rule 4(c)(6), or, alternatively, to the addressee’s agent specifically authorized to receive the addressee’s mail. The Committee Comments state: “If the defendant is an entity, such as a corporation within Rule 4(c)(6), the ‘addressee’ will have to be a person defined in that rule, such as an ‘officer’ or a ‘managing agent.’ ” (Emphasis added,)
Based on the above, we are clear to the conclusion that service on a corporation or business entity cannot be perfected by certified mail addressed merely to the entity itself.[2] Rule 4 plainly and specifically provides that service on a business entity by certified mail requires the mailing to be addressed to an “officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process.” To be effective, the certified mail must be delivered to that addressee or that addressee’s authorized agent.
In the present case, the certified mail was addressed only to “Lereta LLC.” It was not addressed to an “officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service. of process.” Accordingly,, service by certified mail to LERETA was ineffective; the circuit court never obtained personal jurisdiction over LERETA; and, consequently, the default. judgment is void. Therefore, the circuit court exceeded its discretion in denying LERETA’s motion to set aside the default judgment. See LYNV Funding, 70 So.3d at 1232 (holding that circuit court erred in denying relief from default judgment where certified-mail service to limited-liability corporation was not addressed to an officer, partner, managing or general agent of the limited-liability corporation or an agent authorized to receive service of process on behalf of the limited-liability corporation).
III. Conclusion
Because the circuit court lacked personal jurisdiction to enter the default judgment, LERETA’s motion to set aside the default judgment was ,due to be granted. Accordingly, we direct the circuit court to set aside its order of May 26, 2016, denying LERETA’s motion to set aside the default judgment and to enter an order setting aside the default judgment.
*146 PETITION GRANTED; WRIT ISSUED.
Stuart, Parker, Wise, and Bryan, JJ., concur.
Bolin, J., concurs in the result.
Murdock and Shaw, JJ., dissent.

. "Although the committee comments are not binding, they may be highly persuasive.” Iverson v. Xpert Tune, Inc., 553 So.2d 82, 88 (Ala. 1989). See also Thomas v. Liberty Nat'l Life Ins. Co., 368 So.2d 254, 257 (Ala. 1979).

. We note that a number of unpublished federal district court decisions have reached the same conclusion. See, e.g., Parks v. Quality Serv. Integrity, No. 2:13-CV-909-WKW, Nov. 9, 2015 (M.D. Ala. 2015) ("[Plaintiffs certified mailing] was not addressed to a natural person who was authorized to receive process on behalf of Defendant. As a result, service of process was not proper under Alabama law.”); Johnson v. Champions, No. 12-0334-WS-M, Jan, 24, 2013 (S.D. Ala. 2013) ("[X]he mailing must be addressed, not simply to the artificial entity, but to a human being affiliated with the entity as an officer, partner or agent as described in Rule 4(c)(6).”); and Weckesser v. Sea Tow Corp., No. 08-0528-WS-M, Aug. 24, 2010 (S.D. Ala. 2010) ("There is no human addressee on the certified mailing to Sea Tow, so service was not effective under Alabama law.).