BOLIN, Justice.
*691 Alfa Insurance Corporation, ALFA Mutual General Insurance Corporation, ALFA Life Insurance Corporation, and ALFA Specialty Insurance Corporation (hereinafter referred to collectively as "Alfa") petition this Court for a writ of mandamus seeking review of an order entered by the Montgomery Circuit Court on December 18, 2015. Alfa requests this Court to order the circuit court to vacate its December 18, 2015, order and to grant its motion for a protective order.
Although Alfa sets forth three issues for this Court's review, we review only one of those issues: Whether the circuit court had jurisdiction to enter the December 18, 2015, order and whether it exceeded its discretion by not setting that order aside. Our conclusion that the circuit court exceeded its discretion in entering the December 18, 2015, order compelling discovery pretermits discussion of the two discovery issues.
Facts
The issues presented by this petition are primarily procedural. However, a brief recitation of the underlying facts is necessary for a complete understanding of the case. R.G. "Bubba" Howell, Jr., and M. Stuart "Chip" Jones were insurance agents for an Alfa insurance agency in Mississippi. Their agency agreements with Alfa included an arbitration provision, as well as a provision requiring Howell and Jones to purchase "errors and omissions" insurance coverage.
Howell and Jones purchased errors and omissions insurance policies from Alfa Mutual General Insurance Corporation ("the E & O policies"). The certificate of insurance for the E & O policies provided that Alfa, as the insurer, would
"pay on behalf of the Individual Insured all sums in excess of deductible amount for which Individual Insured is legally obligated to pay as damages as a result of CLAIMS FIRST MADE AGAINST INDIVIDUAL INSURED DURING THE COVERAGE PERIOD by reason of acts, errors, or omissions in the performance of Professional Services by the Individual Insured, provided that such acts, errors, or omissions occurred (i) when acting on behalf of [Alfa] or with the specific consent of [Alfa], and (ii) during the Coverage Period."
(Capitalization in original.) The certificate also sets forth three "key exclusions" to coverage under the E & O policies: "(1) Intentional, dishonest, fraudulent, etc., acts; (2) Commingling of funds; (3) Suits/claims by business enterprises owned by Individual Insured and not named on declarations."
In 2012, Alfa accused Howell and Jones of selling competing products in contravention of their agency agreements; Howell and Jones, however, alleged that their actions had been approved by Alfa. Regardless, Alfa forced Howell to resign his position as an Alfa agent on December 31, 2012, and discharged Jones on January 1, 2013.
Procedural History
A. The First Arbitration Proceeding
On March 27, 2013, Howell and Jones invoked the arbitration provision in their agency agreements by initiating separate arbitration proceedings against Alfa, seeking post-separation benefits and damages. On June 19, 2013, Alfa answered the complaints *692 in arbitration and filed counterclaims against Howell and Jones alleging breach of contract, breach of fiduciary duty, fraudulent misrepresentation, suppression, and intentional interference with business relations.
Howell's arbitration proceeding began on February 10, 2014; Jones's arbitration proceeding began on February 16, 2014. In March 2014, arbitrators awarded Howell and Jones post-separation benefits and arbitration fees. Alfa's counterclaims against Howell and Jones, however, remained pending.
On May 23, 2014, Howell and Jones submitted insurance claims under the E & O policies demanding that Alfa defend and/or indemnify costs to combat Alfa's counterclaims against them. On June 4, 2014, Alfa denied Howell's and Jones's insurance claims on the basis that the E & O policies do not cover intentional torts. On July 9, 2014, Alfa voluntarily dismissed its counterclaims against Howell and Jones without prejudice.
B. The State-Court Proceedings
On November 13, 2014, Howell and Jones filed a complaint in the Montgomery Circuit Court asserting claims of breach of contract, bad faith, abuse of process, the tort of outrage, and conspiracy against Alfa. Howell and Jones alleged, among other things, that Alfa breached the E & O policies by refusing to provide them defense and/or indemnity coverage on the counterclaims and that Alfa had filed the counterclaims, which it knew were not covered under the E & O policies, in the arbitration proceedings for the purpose of causing Howell and Jones to incur thousands of dollars in unnecessary legal expenses.
Along with their complaint, which they subsequently amended, Howell and Jones propounded discovery requests, including a request for admissions and a request for production of documents, in which they requested:
"1. Any and all claim files pertaining to the subject matter of [Howell and Jones's] complaint and amended complaint.
"2. Any and all legal department files pertaining to the subject matter of [Howell and Jones's] complaint and amended complaint.
"3. Any and all documents, by whatever name called, pertaining to the subject matter of [Howell and Jones's] complaint and amended complaint including but not limited to electronic mail, memoranda, correspondence, notes, minutes, and records or recordings."
They also submitted a notice of depositions, including a request for the depositions of Angela Cooner, Thomas Treadwell, Tom David, and Charles Elmore, all of whom were legal counsel for Alfa, as well as for "[o]utside legal counsel of [Alfa] who participated in or contributed to the drafting and filing of the counterclaims against [Howell and Jones] as dated June 19, 2013."
On December 9, 2014, Alfa filed a "Response to Requests to Admit" in which it denied most of the requested admissions, but it also repeatedly stated that "[d]iscovery is ongoing and will be supplemented as permitted under the Alabama Rules of Civil Procedure, and any request for additional information not contemplated by Rule 36 will be responded to within the bounds of the Alabama Rules of Civil Procedure."
On May 6, 2015, Howell and Jones filed a motion to compel Alfa to answer and to respond to the first discovery requests filed on November 13, 2014. That same afternoon, Alfa filed its response and objection to the motion to compel discovery, *693 as well as a motion for a protective order. Alfa argued that the matters, documents, and depositions requested by Howell and Jones were all protected by the attorney-client privilege. Alfa also filed on that date a Rule 12(b)(6), Ala. R. Civ. P., motion to dismiss, arguing that Howell and Jones's claims were barred by the doctrine of res judicata, having been resolved in arbitration.
On August 13, 2015, the circuit court granted Howell and Jones's motion to compel discovery, giving Alfa three weeks (until September 3, 2015) to respond. The court also denied Alfa's motion to dismiss the complaint.
On August 21, 2015, Alfa filed a petition for a writ of mandamus with this Court seeking an order directing the circuit court to vacate its order denying Alfa's motion to dismiss and to enter an order dismissing the complaint or, alternatively, directing the circuit court to vacate its order compelling discovery. Ex parte Alfa Ins. Corp. (No. 1141255). In its petition, Alfa reiterated its argument that the claims asserted by Howell and Jones in the circuit court should be barred by the doctrine of res judicata because, Alfa said, they were resolved in arbitration. On August 27, 2015, Alfa filed a motion in the circuit court requesting that it extend the time for filing an answer until the same date as discovery responses were due under the motion to compel because the delay would give this Court an opportunity to review Alfa's mandamus petition. The following day the circuit court granted Alfa's motion to extend the time for filing its answer. This Court denied the petition for a writ of mandamus on August 31, 2015, without an opinion.
On September 3, 2015, Alfa filed a "Motion to Compel Arbitration, Dismiss, and Stay Proceedings." The motion to compel was based upon the arbitration provision in the agency agreements. Simultaneously, Alfa filed its answer to the complaint in which it noted that it was "specifically reserving the right to arbitrate these matters pursuant to the requirements of the Independent Exclusive Agency Agreement in effect between the parties in accordance with the Motion to Compel Arbitration filed prior to this initial Answer." On the same date, Alfa also filed an "Objection to Discovery Request and Notice of Service of Discovery Documents" along with a privilege log listing items Alfa identified as protected by the attorney-client privilege and the work-product doctrine. On October 30, 2015, the circuit court denied Alfa's motion to compel arbitration, to dismiss, and to stay the proceedings.
On November 2, 2015, Howell and Jones propounded their first set of interrogatories to Alfa. They also submitted their second set of requests for production of documents to Alfa, in which they sought the following:
"1.... [E]ach document in the custody or control of Alfa that it relied upon when it authorized the filing of counterclaims in arbitration against Chip Jones and Bubba Howell.
"2.... [E]ach piece of correspondence and/or memo in the custody or control of Alfa that touches upon or concerns the counterclaims in arbitration against Chip Jones and Bubba Howell.
"3.... [E]ach document provided to Dennis Bailey[, an attorney with the law firm Rushton, Stakely, Johnston & Garrett, P.A.,] by Alfa as part of the coverage opinion sought from Dennis Bailey regarding the claims for defense and indemnity asserted by Chip Jones and Bubba Howell pursuant to the Alfa policies issued to them.
"4.... [E]ach piece of correspondence between Alfa and Dennis Bailey or the law office of Rushton Stakely concerning the claims for defense and indemnity *694 asserted by Chip Jones and Bubba Howell pursuant to the Alfa policies issued to them. ..."
On November 3, 2015, Howell and Jones filed notices of intent to serve subpoenas on the law firms of Rushton, Stakely, Johnston & Garrett, P.A. ("Rushton Stakely"), and Jackson Lewis P.C. ("Jackson Lewis"). From Rushton Stakely, Howell and Jones sought "[a]ll file materials, correspondence, invoices, memorandum, and any document of any kind that concerns Chip Jones and/or Bubba Howell making a claim for coverage concerning a policy of insurance issued by Alfa. This includes any communication with Alfa, and/or the law office of Jackson Lewis and/or Gray & Associates, LLC." From Jackson Lewis, Howell and Jones similarly sought "[a]ll file materials, correspondence, memorandum, and any document of any kind that concerns Chip Jones and/or Bubba Howell making a claim for coverage concerning a policy of insurance issued by Alfa. This includes any communication with Alfa, and/or Gray & Associates." On November 6, 2015, Alfa filed motions to quash the nonparty subpoenas.
On November 9, 2015, Alfa filed a notice of appeal challenging the denial of its motion to compel arbitration. Alfa Ins. Corp. v. Howell (No. 1150151).
On November 11, 2015, Howell and Jones filed a second motion to compel production of the complete discovery files from Alfa, including the coverage-opinion letters received from Dennis Bailey, an attorney with Rushton Stakely, and all factual information provided to Bailey for coverage review. They also filed motions to compel issuance of the nonparty subpoenas to Rushton Stakely and Jackson Lewis.
On November 12, 2015, Alfa filed in the circuit court a motion to stay all proceedings pending the appeal. On December 8, 2015, the circuit court conducted oral argument on the motion to stay and the motions to compel discovery. On December 9, 2015, Howell and Jones filed a third motion to compel Alfa to provide complete responses to the first set of interrogatories and the second set of requests for production.
On December 18, 2015, the circuit court ordered as follows:
"1. The Motion to Stay is DENIED.
"2. The Second Motion to Compel is GRANTED. Alfa is ordered to produce the coverage opinion letters as well as all correspondence and factual information exchanged after the dates coverage was denied. Alfa is ordered to produce this information within ten (10) days from the date of this order.
"3. The Motion to Compel the issuance of non-party subpoena to Rushton, Stakely, Johnson & Garrett is GRANTED. The subpoena is to be modified to require only the production of the coverage opinion letters, invoices, and any factual information provided to Rushton, Stakely, Johnston & Garrett as part of the coverage review.
4. The Motion to Compel the issuance of non-party subpoena to Jackson Lewis, P.C. is GRANTED. The subpoena is to be modified to require only the production of any information provided by ... Jackson Lewis, P.C. to the Alfa claims department as part of the claim review process for claims of defense and indemnity asserted by Plaintiffs Bubba Howell and Chip Jones. Jackson Lewis is not required to produce any information for the time period after the dates of denial."
(Capitalization in original.) Therefore, the deadline set by the circuit court's order for *695 Alfa to submit the requested discovery was December 28, 2015, the Monday after Christmas.
On December 21, 2015, Alfa filed in this Court an emergency motion to stay the proceedings in the circuit court on the basis that the circuit court did not have jurisdiction to enter its December 18, 2015, order compelling discovery while the arbitration issue was pending on appeal. The following day, Howell and Jones submitted to the circuit court a civil subpoena for production of documents from Rushton Stakely and Jackson Lewis. On December 28, 2015, this Court granted the emergency motion to stay the proceedings.
On September 29, 2017, this Court affirmed, without an opinion, the circuit court's October 30, 2015, order denying arbitration. (No. 1150151) --- So. 3d ---- (Ala. 2017) (table). On October 10, 2017, in the circuit court, Alfa filed a motion to set aside the circuit court's December 18, 2015, order and filed a renewed motion for a protective order. On October 16, 2017, the circuit court denied the motion to set aside its December 18, 2015, order. On October 17, 2017, this Court entered its certificate of judgment in case no. 1150151.
On October 24, 2017, Alfa filed this petition for writ of mandamus and an emergency motion to stay the circuit-court proceedings. On December 8, 2017, this Court granted the emergency motion to stay.
Standard of Review
"Mandamus is an extraordinary remedy and will be granted only where there is '(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala. 1991). This Court will not issue the writ of mandamus where the petitioner has ' "full and adequate relief" ' by appeal. State v. Cobb, 288 Ala. 675, 678, 264 So.2d 523, 526 (1972) (quoting State v. Williams, 69 Ala. 311, 316 (1881) )."
Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813 (Ala. 2003). The standard of review on a petition for a writ of mandamus is whether the trial court exceeded its discretion in taking or failing to take the challenged action. See Ex parte Par Pharm., Inc., 58 So.3d 767, 773 (Ala. 2010). " ' " 'Mandamus will lie to direct a trial court to vacate a void judgment or order.' " ' " Ex parte LERETA, LLC, 226 So.3d 140, 143 (Ala. 2016) (quoting Ex parte Trust Co. of Virginia, 96 So.3d 67, 69 (Ala. 2012), quoting in turn Ex parte Scrushy, 940 So.2d 290, 294 (Ala. 2006), quoting in turn Ex parte Sealy, L.L.C., 904 So.2d 1230, 1232 (Ala. 2004) ).
Discussion
Alfa asserts that the circuit court's December 18, 2015, order compelling discovery should be set aside because, it argues, the circuit court exceeded its discretion by allowing discovery to proceed on noncollateral matters while its order denying the motion to compel arbitration was pending on appeal to this Court.
The general rule is that the timely filing of a notice of appeal invokes the jurisdiction of the appellate court and divests the trial court of jurisdiction to act except in matters entirely collateral to the appeal. See Harden v. Laney, 118 So.3d 186, 187 (Ala. 2013) ; Altmayer v. Stremmel, 891 So.2d 305, 309 (Ala. 2004) ; and Osborn v. Riley, 331 So.2d 268 (Ala. 1976). See also Committee Comments to Rule 3, Ala. R. App. P. ("Timely filing of the notice of appeal is a jurisdictional act. It is the only step in the appellate process which is jurisdictional."). Orders granting or denying *696 a motion to compel arbitration, however, are not final judgments because they do not conclusively determine all the issues before the court and ascertain and declare the rights of all the parties involved. Faith Props., LLC v. First Commercial Bank, 988 So.2d 485, 490 (Ala. 2008). Nonetheless, a stay of the proceedings in the trial court, with the exception of collateral matters, is effected by the filing of a timely notice of appeal from an order granting or denying a motion to compel arbitration.
The proper procedure for a party seeking a stay of trial-court proceedings while an appeal is pending is set forth in Rule 8(b), Ala. R. App. P., which provides that an appellant seeking a stay of the trial-court proceedings during the pendency of an appeal should first apply to the trial court for a stay if "practicable" and then to the appellate court if necessary. Rule 8 provides:
"In a civil action, application for a stay of judgment or order of a trial court pending appeal, or for approval of a supersedeas bond, or for an order suspending, modifying, restoring or granting an injunction during the pendency of an appeal must ordinarily be made in the first instance in the trial court. A motion for such relief may be made to the appellate court in which the appeal is pending, but the motion shall show that application to the trial court for the relief sought is not practicable, or that the trial court has denied an application, or has failed to afford the relief which the applicant requested, with the reasons given by the trial court for its action. The motion shall also show the reasons for the relief requested and the facts relied upon ...."
Alfa filed motions to stay the circuit-court proceedings in both the circuit court and this Court. On November 12, 2015, in the circuit court, Alfa initially filed its motion to stay discovery proceedings pending the appeal. The circuit court heard oral argument on Alfa's motion to stay and Howell and Jones's motions to compel and, on December 18, 2015, entered an order denying the motion to stay and granting the motions to compel. On the following business day, December 21, 2015, Alfa filed an emergency motion in this Court to stay the proceedings, arguing that the discovery matters were not collateral to the appeal. On December 28, 2015, this Court granted the motion and stayed the proceedings in the circuit court.
Because Rule 8(b), Ala. R. App. P., provides that a party should ordinarily file a motion for a stay of proceedings during the pendency of appeal in the first instance to the trial court, it is clear that the circuit court retained partial jurisdiction on December 18, 2015, to rule on the motion to stay the discovery proceedings.[1] With its review of the motion to stay, the circuit court was tasked with deciding whether the motions to compel discovery were collateral to the arbitration issue pending on appeal. See Harden, 118 So.3d at 187 ; Altmayer, 891 So.2d at 309. Because the circuit court deemed that a stay was not warranted, it granted the motions to compel and permitted discovery to proceed. Nonetheless, upon review of the emergency motion filed in case no.
*697 1150151, we stayed the circuit-court proceedings.
In Alabama, the general rule is that discovery proceedings, with the exception of discovery seeking to determine whether a party agreed to participate in arbitration, are stayed during the pendency of an appeal of an arbitration issue. See, e.g., Ex parte Locklear Chrysler JeepDodge, LLC, 251 So. 3d 40 (Ala. 2017) (determining trial court exceeded its discretion by allowing general discovery before resolution of the issue whether the purchasers must arbitrate their claims); Ex parte Kenworth of Birmingham, Inc., 789 So.2d 227 (Ala. 2000) (holding that trial court exceeded its discretion by allowing unrestricted discovery pending a resolution of issue whether buyers were required to arbitrate their claims against the seller); and Ex parte Jim Burke Auto., Inc., 776 So.2d 118 (Ala. 2000) (explaining that, although it was not error for the trial court to allow the parties to conduct discovery prior to arbitration, it was error to fail to limit discovery to the question whether the plaintiffs had agreed to arbitrate their claims).
The discovery sought in Howell and Jones's motions to compel concern the substantive merits of their claims rather than issues collateral to the appeal of the order denying the motion to compel arbitration. Consequently, the circuit court exceeded its discretion by entertaining the motions related to the discovery of attorney-client communications or work product during the pendency of the appeal.
Howell and Jones assert that "any error made at the trial court level in this regard is harmless, and harmless error is not a ground for any appellate reversal or issuance of a writ of mandamus." They do not, however, point to any caselaw as support for the proposition, and we are unaware of any cases that hold that allowing discovery to proceed on noncollateral matters during the pendency of an appeal of the denial of a motion to compel arbitration is subject to a harmless-error analysis.
Howell and Jones also argue that directing the circuit court to vacate its orders addressing noncollateral matters is a waste of judicial economy. They speculate that the circuit court will now enter the same order it entered more than two years ago. This Court, however, notes that the parties appear to have taken steps to resolve and/or to limit the extent of discovery, which may or may not affect the court's decision. For example, Alfa now indicates that it does not plan to assert an "advice-of-counsel" defense. In addition, Howell and Jones suggest that the trial judge should conduct an in camera review of a requested cover-opinion letter, which is listed in the privilege log, before ruling on the matter. Nevertheless, only the circuit court knows how it will rule, and we will not speculate as to how the court will choose to resolve the matter.
In this case, the circuit court clearly exceeded its discretion by entering orders allowing discovery to proceed before this Court resolved the issue whether Howell and Jones must arbitrate their claims against Alfa. Because the circuit court should not have entered an order allowing discovery of noncollateral matters during the pendency of the appeal, its December 18, 2015, order is due to be vacated. It therefore follows that the circuit court's October 16, 2017, order denying Alfa's motion to set aside its December 18, 2015, order granting the motions to compel, which was entered before this Court issued its certificate of judgment, is likewise void. Furthermore, Alfa has established that its only remedy for relief at this stage of the proceedings is by way of a petition for writ of mandamus.
*698 Conclusion
The circuit court exceeded its discretion in entering its December 18, 2015, order granting the motions to compel discovery. We therefore issue the writ of mandamus and direct the circuit court to vacate its orders entered on December 18, 2015, and October 16, 2017.
PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Parker, Main, Wise, Bryan, Sellers, and Mendheim, JJ., concur.

This Court recognizes that the appeal of the denial of a motion to stay pending arbitration is reviewed de novo, see Liberty Nat'l Life Ins. Co. v. Douglas, 826 So.2d 806 (Ala. 2002). In this case, however, Alfa requests review of the circuit court's order denying a motion to stay pending appeal of the circuit court's denial of a motion to compel arbitration. Thus, a petition for a writ of mandamus is the appropriate manner in which to seek review.